■ LINDA D. MISEK-FALKOFF et al., Appellants, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Respondents. —Order of the Supreme Court, Westchester County (Vincent Gurahian, J.), entered on April 12, 1989, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), unanimously affirmed, without costs.

Plaintiff seeks recovery for infliction of emotional distress based upon various acts committed by International Business Machines Corporation (IBM) employees. The majority of these acts occurred more than one year prior to commencement of this action. Those which occurred within a year prior to commencement of the action were the placement of plaintiff on medical disability, and the refusal to release certain personal records allegedly belonging to the plaintiff but stored in IBM computer files. The latter claim is also apparently the subject of another pending action.

The motion court properly applied a one-year Statute of Limitations to the cause of action for intentional infliction of emotional distress *(Gallagher v Directors Guild,* 144 AD2d 261). Excluding those alleged acts which were beyond the limitations period, the complaint was properly dismissed. Viewing the allegations of the complaint most favorably to the plaintiff, the conduct alleged was not so egregious as to sustain the cause of action *(Murphy v American Home Prods. Corp.,* 58 NY2d 293). Absent concrete factual allegations of a continuing conspiracy or concerted course of action against plaintiff, we need not reach the issue of whether, if properly pleaded, the acts more remote in time could be considered actionable as part of a "continuing" tort. Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.