■ MARGARET CAMPBELL, Appellant, v JOHN A. CHABOT, Respondent.—In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered August 21, 1990, which granted the defendant's motion to dismiss (a) the first and fourth causes of action based upon the Statutes of Limitation, and (b) the second and third causes of action based upon failure to comply with CPLR 3016 (b), and (2) as limited by her brief, from so much of an order of the same court, dated January 2, 1991, as denied her motion for leave to serve an amended complaint.

Ordered that the order entered August 21, 1990, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated January 2, 1991, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against her former psychologist seeking damages for the defendant's alleged abandonment of her treatment and misrepresentation of her mental condition. The plaintiff contends that the Supreme Court erred in dismissing her causes of action to recover damages for breach of contract, fraud, professional malpractice, and intentional infliction of emotional distress.

On the record before us we find that the Supreme Court did not err in dismissing the plaintiff's causes of action to recover damages for professional malpractice and intentional infliction of emotional distress on the ground that the applicable Statutes of Limitation had expired prior to the commencement of

this action *(see,* CPLR 214 [6]; 215 [3]). Nor did the Supreme Court err in dismissing the plaintiff's remaining causes of action based upon failure to comply with CPLR 3016 (b).

Moreover, the plaintiff's contention that the defendant was estopped from raising the defense of the Statute of Limitations with respect to the intentional infliction of emotional distress cause of action is without merit. Where a defendant's misrepresentation was intended to forestall a plaintiff from commencing a timely action and the plaintiff justifiably relied upon that misrepresentation, the defendant will be estopped from raising the defense of the Statute of Limitations *(see, Simcuski v Saeli,* 44 NY2d 442, 450; *Ross v Community Gen. Hosp.,* 150 AD2d 838, 841). However, the doctrine of estoppel is only available to a plaintiff who commences an action within a reasonable time after the facts giving rise to the estoppel have ceased to be operational *(see, Simcuski v Saeli, supra,* at 450; *Ross v Community Gen. Hosp., supra,* at 841). In no event will a plaintiff be found to have exercised the required diligence where the action is deferred, after the discovery of the relevant facts, beyond the length of the legislatively prescribed period of limitation *(see, Simcuski v Saeli, supra,* at 450-451).

The Statute of Limitations for a cause of action to recover damages for the intentional infliction of emotional distress is one year *(see,* CPLR 215 [3]; *Goldner v Sullivan, Gough, Skipworth, Summers & Smith,* 105 AD2d 1149). Thus, it cannot be said that the plaintiff exercised reasonable diligence in commencing her action, since the plaintiff commenced her action more than one year after discovering that the defendant's alleged representation was false *(see, Simcuski v Saeli, supra,* at 450). Therefore, the plaintiff is not entitled to raise the doctrine of estoppel against the defendant with respect to the cause of action sounding in the intentional infliction of emotional distress.

We have considered the plaintiff's remaining contentions and find they do not warrant a contrary result. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.