■ RICK DRURY, Appellant, v THOMAS TUCKER, Respondent. (Appeal No. 1.) [621 NYS2d 822] —Judgment unanimously modified on the law and as modified affirmed without costs in

accordance with the following Memorandum: Supreme Court erred in dismissing the complaint insofar as it alleges a cause of action for intentional infliction of emotional distress. Plaintiff's action was not barred by the one-year Statute of Limitations *(see,* CPLR 215; *Gallagher v Directors Guild,* 144 AD2d 261, *lv denied* 73 NY2d 708) because plaintiff sufficiently set forth concrete factual allegations of a continuing course of conduct that terminated within one year of plaintiff's commencing this action *(see, Misek-Falkoff v International Bus. Machs. Corp.,* 162 AD2d 211, *lv denied* 76 NY2d 708; *cf., Weisman v Weisman,* 108 AD2d 852, 854). We further conclude that plaintiff's allegations are sufficient to raise a factual issue whether defendant's conduct toward him was outrageous in character and extreme in degree *(see, Murphy v American Home Prods. Corp., 58 NY2d 293, 303; see also, Howell v New York Post Co.,* 81 NY2d 115, 121-122; *Freihofer v Hearst Corp.,* 65 NY2d 135, 143).

The complaint, insofar as it can be construed as alleging a cause of action in prima facie tort, was properly dismissed. A plaintiff who can allege a traditional tort may not rely upon a theory of prima facie tort to avoid the one-year Statute of Limitations for intentional torts *(see, Jones v City of New York,* 161 AD2d 518, 519; *see also, Curiano v Suozzi,* 63 NY2d 113, 117-119).

The court should have granted plaintiff's motion for renewal of defendant's motion to disqualify plaintiff's attorney and, upon renewal, should have denied the motion. A disqualification motion must be "carefully scrutinized" because it "denies a party's right to representation by the attorney of [his] choice" *(S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.,* 69 NY2d 437, 443). Plaintiff demonstrated that defendant's grounds for seeking disqualification were without merit and that the motion was made to gain a "strategic advantage" over plaintiff *(S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., supra,* at 443). Moreover, plaintiff was unsuccessful in his effort to secure the services of another attorney. (Appeal from Judgment of Supreme Court, Genesee County, Wolf, Jr., J.—Summary Judgment.) Present—Green, J. P., Lawton, Fallon, Doerr and Davis, JJ.