Sandra HOLMES, Plaintiff,

v.

NBC/GE, et al., Defendants.

No. 94 Civ. 9341 (CBM).

United States District Court,
S.D. New York.

Feb. 8, 1996.

James H. Callwood, New York City, for
Plaintiff.

Gayle Chatilo Sproul, National Broadcasting Company, Inc., New York City, for Defendant NBC.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, who claims to have suffered race and gender discrimination in the terms and conditions of her employment, filed this action alleging violations of, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII). Defendants National Broadcasting Company, Inc. and General Electric Company (hereinafter "Defendants") have moved to dismiss the complaint, or, in the alternative, for partial summary judgment, on the ground that plaintiff failed to commence this action within 90 days of receipt of the "right-to-sue" letter from the Equal Employment Opportunity Commission (EEOC) as required by 42 U.S.C. § 2000e–5(f)(1). At oral argument on the motion, the parties were directed to submit additional evidence concerning the actual date this letter was received by plaintiff. Accordingly, given the factual submissions of the parties, the court considers the alternative relief sought by defendants: i.e., summary judgment under Fed.R.Civ.Proc. 56. For the reasons set forth herein, the motion is denied.

## BACKGROUND

This Title VII action is based on alleged employment discrimination on the basis of race and gender. Plaintiff is a black female who has been employed by NBC for approximately thirty years. This case arises out of the alleged placement of sexually explicit postcards on a bulletin board in plaintiff's department at NBC and management's purported ineffectual response that followed. Additionally, subsequent to her complaints concerning these postcards, plaintiff allegedly experienced retaliation and an increasingly hostile work environment. Plaintiff seeks declaratory and injunctive relief, an award of back pay and back benefits, compensatory and punitive damages, costs and attorneys's fees.

The complaint in this action alleges that the right-to-sue letter that preceded this action was received "on or about October 2, 1994." (Complaint at ¶ 10.)[1] The complaint was filed on December 30, 1994. If October 2, 1994 is considered the day of receipt of the right-to-sue letter, the matter was commenced 89 days from receipt of the right-to-sue letter and thus would be considered timely.

In support of the motion for summary judgment, defendants submit an affidavit from an employee at the local New York office of the EEOC alleging that the right-to-sue letter regarding plaintiff was mailed by certified mail on September 26, 1994. (*See* Affidavit of Holly Woodyard, dated June 21, 1995, at ¶ 3.) Defendants argue that the court should deem plaintiff to have received the letter three days after the letter was allegedly mailed in accordance with Fed.R.Civ.Proc. 6(e).[2] Applying this presumption, defendants conclude that the complaint should be dismissed because plaintiff would be deemed to have received the right-to-sue letter on September 29, 1994, and the last day upon which the suit had to be commenced would have been December 28, 1994: i.e. two days before the date the complaint was filed.

At oral argument on defendants' motion, the court directed plaintiff's counsel to provide an affidavit setting forth the actual date upon which the right-to-sue letter was received. In plaintiff's subsequent submission, counsel for plaintiff stated that he actually received the right-to-sue letter on October 2, 1994, a Sunday, because that was the day he checked his office mailbox for the mail that was delivered on Saturday, October 1, 1994. (Affidavit of James Callwood, Esq., dated December 2, 1995, at ¶¶ 4–5.) He further alleges that he checked his mail on Friday, September 30, 1994, and the right-to-sue letter had not been delivered on that day. (*Id.* at ¶ 3.)

## ANALYSIS

### I. Standard for Summary Judgment.

■ Defendants' original motion requested dismissal of the complaint, or, in the

---

**1.** As indicated by the defendants, this date was a Sunday, a day upon which the Postal Service does not deliver mail.

**2.** *See infra* note 4.

alternative, summary judgment on the claim that plaintiff had not commenced the instant action in a timely fashion. At oral argument, the court directed plaintiff to provide an affidavit setting forth the date the right-to-sue letter was actually received. Defendants were afforded an opportunity to reply to this supplemental affidavit. Plaintiff had ample notice that the court could consider defendants' motion for summary judgment: defendants originally sought summary judgment in the alternative and the parties were afforded an opportunity to submit additional evidence concerning the motion. Accordingly, the court hereby considers defendants' alternative request for summary judgment. *Groden v. Random House, Inc.,* 61 F.3d 1045, 1052–1053 (2d Cir.1995).

A motion for summary judgment shall only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The court must view the inferences to be drawn from the facts in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985), *cert. denied,* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). The non-moving party may defeat the motion for summary judgment by producing sufficient specific facts to establish a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–324, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

## II. Timeliness of the Complaint.

In accordance with 42 U.S.C. § 2000e–5(f)(1), a Title VII action "must be commenced within ninety days of the receipt of an EEOC right-to-sue letter." *Sherlock v. Montefiore Medical Ctr.,* 95 Civ. 3839, 1995 WL 542458 at *2 (S.D.N.Y. Sept. 12, 1995); *Spira v. Ethical Culture School,* 888 F.Supp. 601, 602 (S.D.N.Y.1995). This requirement should be strictly enforced and not extended " 'by even one day.' " *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir.1984) (quoting *Rice v. New England College,* 676 F.2d 9, 11 (1st Cir.1982)). *See also, Moscowitz v. Brown,* 850 F.Supp. 1185, 1192 (S.D.N.Y.1994) (finding action untimely where filed ninety-one days after receipt of the right-to-sue letter).[3]

The 90–day filing rule is not a jurisdictional prerequisite to suit in federal court, but rather "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234, *reh'g denied,* 456 U.S. 940 (1982); *see also, Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 350 n. 3, 103 S.Ct. 2392, 2396 n. 3, 76 L.Ed.2d 628 (1983); *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d at 146.

To determine when a party has received the right-to-sue letter, courts can apply Fed.Rule Civ.Proc. 6(e)[4] to find that such

---

**3.** Receipt of the right-to-sue letter by plaintiff's attorney is considered implied notice to plaintiff of the contents thereof and triggers commencement of the 90–day limitation period. *Cf. Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 92–93, 111 S.Ct. 453, 455–456, 112 L.Ed.2d 435 (1990) (construing 42 U.S.C. 2000e–16(c) and finding notice to attorney imputed to client). Plaintiff cited in her complaint the date of receipt by her attorney of the right-to-sue letter as the date upon which notice was received. Courts have described instances where receipt of the right-to-sue letter by counsel would not commence the

90–day period, but plaintiff has failed to set forth any factors that would exempt her from the implied notice rule in this instance. *See, e.g., Jones v. Madison Service Corp.,* 744 F.2d 1309, 1314 (7th Cir.1984) (describing factors that might relieve plaintiff from application of the rule of implied notice with regard to counsel's receipt of the right-to-sue letter).

**4.** Fed.Rule Civ.P. 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a

notice is deemed to have been received within three days of its mailing. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1723 n. 1, 80 L.Ed.2d 196 (1984) (per curiam).[5] This presumption is often invoked when the parties fail to set forth information concerning the actual date of receipt of the right-to-sue letter. *See, e.g., Williams v. Mississippi Action for Progress, Inc.,* 824 F.Supp. 621, 622–623 (S.D.Miss. 1993) (utilizing Rule 6(e) presumption where motion to dismiss considered without a statement from plaintiff concerning date of receipt); *White v. Union Pacific R.R.,* 805 F.Supp. 883, 886–887 (D.Kan.1992) (utilizing Rule 6(e) presumption where the parties failed to set forth the date the right-to-sue letter was received); *Pacheco v. International Business Machines Corp.,* 90 Civ. 1173, 1991 WL 87538 at *3–4 (N.D.N.Y. May 24, 1991) (utilizing Rule 6(e) presumption where plaintiff failed to recall date upon which right-to-sue letter was actually received); *cf. Smith v. Local Union 28 Sheet Metal Workers,* 877 F.Supp. 165, 172 (S.D.N.Y.1995) (noting that "under any view of the facts," whether accepting Rule 6(e) presumption or plaintiff's allegations concerning the date of receipt of the right-to-sue letter, matter was untimely filed). In *Minetos v. City University of New York,* 875 F.Supp. 1046 (S.D.N.Y. 1995), this court took into account the Rule 6(e) presumption to calculate the filing deadline where plaintiff had failed to pick up her right-to-sue letter from the post office until several days after receiving postal notice that the letter was being held for her there. *Id.* at 1050–1051.

Where a party may dispute receipt of the right-to-sue letter, courts have also relied on the presumption of receipt of a letter within *five* days of its mailing. *See, e.g., Cook v. Providence Hosp.,* 820 F.2d 176, 179 n. 3 (6th Cir.1987) (invoking presumption of receipt within five days of mailing absent convincing

denial of receipt); *Tadros v. Coleman,* 717 F.Supp. 996, 1008 (S.D.N.Y.1989) (holding court would apply five day presumption where plaintiff's denial of receipt was unsubstantiated), *aff'd* 898 F.2d 10 (2d Cir.), *cert. denied* 498 U.S. 869, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990); *Wagher v. Guy's Foods, Inc.,* 768 F.Supp. 321 (D.Kan.1991) (holding five day presumption of receipt would be applied to provide a "reasonable and workable ... framework" where plaintiff's counsel clearly received right-to-sue letter and failed to supply specific facts concerning receipt to rebut this presumption); *cf. Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472 (6th Cir.1986) (invoking five day presumption of receipt where plaintiff had failed to notify the EEOC of a change of address); *Janneh v. CSH–1 Hotel Limited Partnership,* 93 Civ. 836, 1994 WL 447492 (N.D.N.Y. Aug. 15, 1994) (same). One court has even found that it is "not unreasonable" to assume the right-to-sue letter was received within seven days of its mailing where the facts surrounding receipt thereof were not supplied. *Roush v. Kartridge Pak Co.,* 838 F.Supp. 1328, 1335 (S.D.Iowa 1993).

The court considers these precedents and finds them inapposite given the facts and circumstances of the instant case: plaintiff has neither denied receipt of the right-to-sue letter (in which case the five day presumption described above might apply), nor has she failed to set forth a date of receipt thereof (which would otherwise trigger application of the Rule 6(e) presumption).

■ It is alleged that plaintiff's attorney, whose office is in Bronx County, received the right-to-sue letter on Sunday, October 2, 1994, which is the date he retrieved it from his mailbox. Based on this allegation, the court finds that plaintiff is deemed to have received such notice the day it was received at his office, five days after it was mailed: i.e.

---

notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

5. In *Baldwin,* the court did not set forth its rationale for using the Rule 6(e) presumption. 466 U.S. at 148 n. 1, 104 S.Ct. at 1723 n. 1. *Cf. Mosel v. Hills Department Store, Inc.,* 789 F.2d

251, 253 n. 2 (3d Cir.1986) (noting that the Court in *Baldwin* "has suggested" that [Fed.R.Civ.Proc.] 6(e) is applicable ... if the parties dispute the date on which the plaintiff received notice.") (emphasis added). In *Mosel,* the court did not apply the Rule 6(e) presumption because the parties agreed as to the actual date of receipt of the right-to-sue letter. 789 F.2d at 253 n. 2.

October 1, 1995.[6] Although defendants have submitted an affidavit from a United States Postal Service employee stating that the "expected" delivery time for first class mail from Manhattan (where, it is assumed, the EEOC letter was mailed) to the Bronx is two days (*See* Affidavit of Clifton Branch, dated June 26, 1995, at ¶ 3), the court, in considering the facts in the light most favorable to plaintiff, finds that it is not unreasonable that such mail could take five days from the date of mailing, even where it is sent borough-to-borough within New York City. *Moscowitz v. Brown,* 850 F.Supp. at 1191–1192 (construing facts in light most favorable to plaintiff and accepting plaintiff's allegation that letter received six days after mailing as opposed to presumption of receipt within three days under Rule 6(e)); *Kelly v. Kidder Peabody & Co., Inc.,* 88 Civ. 8694, 1993 WL 97288 at *2 (S.D.N.Y.1993) (permitting plaintiff to proceed in action where arguable delay in filing complaint was no fault of plaintiff, but rather her attorney); *McKenzie v. Amtrak M of E,* 777 F.Supp. 1119, 1122 (S.D.N.Y.1990) (holding case timely filed where earliest date plaintiff could have received letter fell within 90–day filing period: i.e., date plaintiff first received notice from post office that certified letter was being held there).

Accordingly, because a triable issue of fact exists concerning the date of receipt of the right-to-sue letter, the motion for summary judgment on this matter must be denied. *See Zachery v. Whalen,* 93 Civ. 36, 1994 WL 411526 at *2 (N.D.N.Y. July 26, 1994).

### CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is denied.

---

**6.** This conclusion is limited to the facts of the instant case: i.e. whether calculated from October 1 or October 2, 1994 the instant action was timely commenced on December 30, 1994. *Cf. Smith v. Local Union 28 Sheet Metal Workers,* 877 F.Supp. at 172 (S.D.N.Y.1995) (noting that "under any view of the facts," even assuming plaintiff's allegations of delay between mailing and receipt, matter was untimely filed). The court need not decide if counsel's failure to check his office mail on Saturday was unreasonable; a significantly longer delay might have resulted in a different conclusion, however. *Cf. Sousa v. N.L.R.B.,* 817 F.2d 10, 11 (2d Cir.1987) (construing 42 U.S.C. § 2000e–16(c) in holding plaintiff's five day delay in retrieving certified letter held at post office, where such period included a weekend, was not unreasonable time period for purposes of determining date upon which notice was actually received by plaintiff).