[646 NYS2d 193]

RICHARD A. STRAM et al., Respondents, v EDWARD J. FARRELL et al., Appellants.

Third Department, July 18, 1996

---

**APPEARANCES OF COUNSEL**

*Kramer & Kenyon,* Binghamton *(Philip J. Kramer* of counsel), for appellants.

*Butler, Allen, Clark & Place,* Vestal *(Earl D. Butler* of counsel); and *Hancock & Estabrook,* Syracuse *(Stewart F. Hancock, Jr.,* and *Alan J. Pierce* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

This action, in which plaintiffs seek to recover damages for the intentional infliction of emotional distress, arose out of what began as a dispute between neighbors concerning a murky condition in the lake which abuts the adjoining properties. According to defendants, the condition was caused by plaintiffs' construction of a house on their property. Defendants complained to plaintiffs, complained to government officials and commenced an action against plaintiffs, all of which proved unsuccessful *(see, Farrell v Stram,* — AD2d —, 1996 NY Slip Op 06130 [June 20, 1996]). There is also evidence in the record which, if believed, demonstrates that defendant Edward J. Farrell (hereinafter defendant) harassed and threatened plaintiff Richard A. Stram (hereinafter plaintiff) and engaged in egregious conduct which adversely affected the emotional health of plaintiff and his wife. The record establishes that during the relevant time period, plaintiff was suffering the physical and emotional effects of cancer and major surgery, which had required him to give up his practice of medicine. There is evidence that defendants were aware of plaintiff's condition.

As the most egregious of defendant's alleged conduct, which involved vulgar language and outrageous threats directed at plaintiff and his young daughters, occurred more than one year prior to the commencement of this action, defendants moved for summary judgment on the ground that plaintiffs sought to recover damages for an intentional tort and, therefore, their action was untimely (see, CPLR 215). Supreme Court denied the motion, concluding that a question of fact existed as to whether defendants had engaged in a continuous course of conduct which extended into the one-year period prior to the commencement of this action. The matter proceeded to trial on the continuous course of conduct theory. Accordingly, plaintiff testified, without objection, regarding defendant's conduct, including that which occurred more than one year prior to the commencement of this action. After the parties rested, the jury was charged, again without objection, that it must determine whether defendants engaged in "a shocking outrageous course of conduct". The jury was further charged, "Since there is a factual question as to whether or not this lawsuit was commenced within the applicable statute of limitations, I must also ask you to determine whether or not the course of conduct, if you find that one existed, extended beyond October 27th, 1991."[1] The jury returned a verdict in favor of plaintiffs on all issues. Plaintiff was awarded compensatory damages of $600,000 and his wife was awarded compensatory damages of $100,000. The jury also found that plaintiffs were entitled to punitive damages in the amount of $875,000. Defendants moved to set aside the verdict and now appeal from the denial of that motion, the denial of their summary judgment motion and from the judgment entered on the verdict.

■ Our analysis begins with defendants' Statute of Limitations argument. The viability of a continuous course of conduct theory as a means to resolve a timeliness issue raised in an action based upon intentional infliction of emotional distress is debatable (compare, Drury v Tucker, 210 AD2d 891, with Foley v Mobil Chem. Co., 214 AD2d 1003). However, we need not decide the issue in this case.[2] It is clear from the record that the parties and Supreme Court proceeded under the theory that defendants' Statute of Limitations defense would not bar

1. This action was commenced on October 27, 1992.
2. This Court has recognized and applied such a theory in other contexts (see, Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights, 225 AD2d 856, 858; People v Morin, 192 AD2d 791,

plaintiffs' action if plaintiffs proved that their intentional infliction of emotional distress claim was based on a continuous course of conduct by defendants which extended into the one-year period prior to the commencement of this action. Supreme Court so charged the jury, leaving the question of whether defendants engaged in a continuous course of conduct as an issue of fact for the jury to resolve. Neither plaintiffs nor defendants requested a different charge or objected to the charge as given. In their main brief on appeal, defendants continue to advance the theory that "[t]he alleged wrongful conduct of Edward Farrell in July of 1991 was clearly barred by the statute of limitations unless the plaintiffs could prove it was part of a concerted course of conduct directed at intentional or grossly reckless infliction of emotional distress on the plaintiffs".

"The parties to a lawsuit are free to chart their own course at the trial * * * and may fashion the basis upon which a particular controversy will be resolved" (*Cullen v Naples*, 31 NY2d 818, 820). The parties herein adopted the continuous course of conduct theory to resolve the controversy created by defendants' assertion of the Statute of Limitations as a bar to plaintiffs' action. It is our view, therefore, that in the absence of a strong countervailing public policy, we should not now disturb the course charted by the parties at trial and order a new trial on a different theory (*see, Martin v City of Cohoes*, 37 NY2d 162, 165-166).

Based upon the foregoing analysis, our inquiry must focus on the sufficiency of the evidence to support the jury's finding of a continuous course of conduct, which was given to them as an issue of fact. Applying the appropriate standard (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746) and recognizing that "[t]he narrow scope of appellate evidentiary review, when factual and credibility issues are in * * * dispute, supports giving prudent deference to the traditional, trusted jury process, so long as the required rationality minimum of evidence is adduced" (*Campbell v City of Elmira*, 84 NY2d 505, 513), we see no basis to disturb the jury's finding of a continuous course of conduct.

■ Turning to the issue of defendants' liability under the claim interposed by plaintiffs, intentional infliction of emotional distress, unlike other intentional torts, "does not

---

792, *lv denied* 81 NY2d 1077; *McKilligan v McKilligan*, 156 AD2d 904, 906-907).

proscribe specific conduct * * * but imposes liability based on after-the-fact judgments about the actor's behavior" (*Howell v New York Post Co.*, 81 NY2d 115, 122). Based upon the evidence of defendant's behavior, the jury could rationally conclude that considered in its entirety his conduct was extreme and outrageous and that he had engaged in a deliberate and malicious campaign of harassment and intimidation directed at plaintiffs (*see, Avildsen v Prystay*, 204 AD2d 154, 155). As to defendant's wife, however, there is no evidence that she participated in or even condoned the most outrageous of defendant's conduct. The mere fact that she was named as a party plaintiff in the lawsuit commenced against plaintiffs is insufficient to impose liability against her (*see, Fischer v Maloney*, 43 NY2d 553, 557-558). Accordingly, the judgment should be modified by dismissing the complaint as to defendant Janice Farrell.

■ On the issue of compensatory damages, the jury was charged that it should determine the amount of money that will fairly compensate each plaintiff for his or her injury proximately caused by defendants' wrongful conduct. Defendants neither objected to the charge nor requested the type of limitation that the dissent would impose. Nevertheless, we cannot sustain the award in its entirety because the award of $600,000 to plaintiff and $100,000 to his wife is excessive; it deviates materially from what would be reasonable compensation (*see*, CPLR 5501 [c]). There is evidence in the record that defendant's tortious conduct aggravated plaintiff's emotional condition, but it is our view that the evidence does not support an award in excess of $250,000 to plaintiff and $50,000 to his wife. Plaintiff cannot recover damages for the preexisting emotional harm caused by his cancer and his inability to resume his medical practice after surgery, and there is insufficient evidence regarding the permanency of the emotional harm caused by defendant's conduct (*see, Murphy v Murphy*, 109 AD2d 965, 967). As the record in no way justifies a finding that defendants' conduct was so unacceptable "as to evince a high degree of moral turpitude" and "a criminal indifference to civil obligations" (*Zarin v Reid & Priest*, 184 AD2d 385, 388), the award of punitive damages must be reversed. We have considered defendants' remaining arguments and find them meritless.

■ As a final matter, we note that defendants' separate appeal from the order which denied their motion for summary judgment is unnecessary, as the appeal from the judgment

brings up for review the nonfinal pretrial order (*see*, CPLR 5501 [a] [1]). To the extent that the validity of Supreme Court's denial of defendants' summary judgment motion depends upon the court's application of the continuous course of conduct theory, we are of the view that defendants waived any objection by their acquiescence in the subsequent trial of the timeliness issue on that theory, which they also adopted in their main brief on appeal. The evidence submitted by the parties at the time of the motion clearly presented a question of fact as to whether defendant engaged in a continuous course of conduct. There is, therefore, no basis to disturb Supreme Court's order.

We find no support in the record for the dissent's conclusion that Supreme Court repeatedly rejected defendants' arguments that the continuous course of conduct theory was inappropriate. To the contrary, defendants' argument in support of their motion for summary judgment contains no reference to the continuous course of conduct theory, and after Supreme Court applied the theory to deny their motion defendants never articulated any objection to the use of the theory to resolve the Statute of Limitations issue. In these circumstances, we are of the view that the question of the validity of the theory was not preserved (*see*, *Parkin v Cornell Univ.*, 78 NY2d 523, 530-531). We are also of the view that if the dissent is correct and liability must be determined solely on the basis of defendants' conduct within one year of the commencement of the action, the complaint should be dismissed, for the conduct, as so limited, is patently insufficient as a matter of law to establish intentional infliction of emotional distress (*see*, *Fischer v Maloney*, 43 NY2d 553, *supra*).

YESAWICH JR., J. (dissenting). We respectfully dissent.

To conclude that defendants acquiesced in Supreme Court's ruling respecting the applicability of the "course of conduct" theory advanced by plaintiffs, simply because they interposed a defense in conformity with that ruling, strikes us as unrealistic and unfair, for after the court repeatedly rejected defendants' argument that recovery could be had only for conduct that occurred within the one-year Statute of Limitations period, the only avenue open to them was to defend the case in accordance with the theory adopted by the court. Once defendants' motions for summary judgment, and later for a directed verdict, were denied—and there was no reason to believe that Supreme Court would not continue to adhere to its acceptance of plaintiffs' "course of conduct" approach—defendants were not

required to futilely press the same argument again and again (*cf.*, CPLR 4017; *People v Ricco*, 56 NY2d 320, 326; *Williams v City of New York*, 101 AD2d 835, 836).

Nor do we read defendants' briefs as manifesting an intent to abandon their contention that plaintiffs are precluded from recovering for injuries caused by acts that occurred outside the limitations period. While defendants make an alternative argument that reversal is warranted even under the "course of conduct" approach (indeed, given Supreme Court's rulings and the conflicting appellate decisions on the issue [*see, infra*], defendants' counsel would have been remiss had he not done so), defendants also continue to assert, on appeal, that the complaint should have been dismissed because the hurtful conduct that plaintiffs allege was inflicted upon them "within the year" does not rise to the level necessary to sustain a claim of this type.

As for the merits of defendants' Statute of Limitations argument, we believe that Supreme Court should have embraced their position on this issue. Although some of the events that furnish the basis for plaintiffs' claims occurred within a year prior to the commencement of the action, the incident that was undeniably the most flagrant—and which, according to the treating physicians of plaintiff Richard A. Stram (hereinafter plaintiff), caused a significant portion of his psychological difficulties—took place during the weekend of July 4, 1991.* The effect of Supreme Court's ruling was to allow the jury to treat this detestable incident, together with the other allegedly improper acts that occurred subsequently, as a single, continuing course of conduct, when determining whether, and to what extent, relief was called for.

The "course of conduct" or "continuing wrong" approach has, as the majority notes, been invoked by other courts to permit recovery for claims of this nature (*see, Drury v Tucker*, 210 AD2d 891, 892; *Neufeld v Neufeld*, 910 F Supp 977, 982-983; *cf., Misek-Falkoff v International Bus. Machs. Corp.*, 162

---

* As recited in plaintiffs' brief, and borne out by the evidence, during that weekend, defendant Edward J. Farrell (hereinafter defendant): "screamed vile obscenities at [plaintiff] and his 8 and 11 year old daughters, accompanied by obscene gestures and threats. [Defendant] shouted, among other things, that [plaintiff] was a 'cowardly piece of shit,' that 'I'm going to kill you,' 'Fuck you and I'll fuck your daughters,' 'Over your dead fucking body * * * you can throw your fucking girls in the fucking water.' During this rage, [defendant] was running back and forth on the shore waving something at them while [plaintiff] and his daughters were on their dock and later in their boat."

AD2d 211, *lv denied* 76 NY2d 708; *but see, Foley v Mobil Chem. Co.*, 214 AD2d 1003, 1004-1005). There is, however, no reason for doing so where, as in this instance, the earlier acts were so outrageous, standing alone, as to warrant the imposition of liability and caused recognizable damages at the time they were perpetrated. The tort arising from those acts was complete—that is, all of the elements of the tort, including the infliction of severe mental distress, had occurred—when those earlier wrongful acts were consummated; thus, a cause of action accrued at that time (*see, Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94; Restatement [Second] of Torts § 899), and there is no reason why plaintiffs should not have been required to commence suit thereon in a timely manner. No justification has been advanced for permitting that separate, actionable—but time-barred—claim to be revived, and damages to be recovered therefor, merely by joining it with other, more recent events (*see, Singleton v City of New York*, 632 F2d 185, 192, *cert denied* 450 US 920; *Spitzer v Shanley Corp.*, 151 FRD 264, 267; *cf., Snyder v Town Insulation*, 81 NY2d 429, 435). A "course of conduct" analysis may be an appropriate mechanism for determining when a claim actually accrues in those instances where one or more earlier acts are not "sufficiently decisive to enable a person to realize that he has suffered a compensable injury" until further events have taken place (*Singleton v City of New York, supra*, at 192), but that is not the circumstance here.

The foregoing leads us to conclude that plaintiffs' complaint, to the extent it seeks compensation for injuries caused by the events that transpired prior to October 27, 1991, should have been summarily dismissed (*see, Weisman v Weisman*, 108 AD2d 852, 853), and that the proof introduced at trial should have been limited accordingly. We are unable to say, however, as a matter of law, that no reasonable jury could find the harassing conduct that was purportedly engaged in by defendants within the limitations period to be actionable. Significantly, that conduct includes the filing of a verified complaint in which defendants averred that plaintiffs "willfully", "intentionally" and "maliciously" fouled the lake. The evidence adduced at trial could support a finding that these mean-spirited averments were entirely baseless and made solely to vex and aggravate plaintiffs. In light of what defendants knew regarding plaintiff's apparently fragile frame of mind at the time, the making of such spurious allegations could be considered to have exceeded " 'all possible bounds of decency' " (*Murphy v*

*American Home Prods. Corp.*, 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment *d).*

Hence, a new trial should be had at which, in order to prevail, plaintiffs would have to prove that defendants' conduct within the Statute of Limitations period was performed with the requisite culpability, rose to the level necessary to justify the imposition of liability and caused plaintiffs serious emotional distress. We recognize that plaintiffs' need to demonstrate their susceptibility to injury at the time of these events, and to also show that defendants were aware of plaintiffs' vulnerability in this regard (*see,* Restatement [Second] of Torts § 46, comment *f),* might involve the introduction of some evidence relating to the July 4, 1991 incidents and their corrosive impact upon plaintiffs' state of mind. With the admission of any such evidence, however, defendants would be entitled to an instruction informing the jury as to the limited purpose for which it was being received, namely, to show plaintiffs' particular susceptivity to emotional harm and defendants' knowledge thereof.

CARDONA, P. J., and CREW III, J., concur with CASEY, J.; YESAWICH JR., J., dissents in a separate opinion in which MIKOLL, J., concurs.

Ordered that the appeal from the order entered March 27, 1995 is dismissed, without costs, as unnecessary.

Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded plaintiffs punitive damages and dismissing the complaint as to defendant Janice Farrell; a new trial is ordered as to the issue of damages only, unless, within 20 days after service of a copy of this Court's opinion and order, plaintiffs stipulate to reduce the amount of the compensatory damages awarded by the verdict to $250,000 for plaintiff Richard A. Stram and $50,000 for plaintiff Janet Stram, in which event, the judgment, as so modified and reduced, is affirmed.

Ordered that the appeal from order entered May 15, 1995 is dismissed, without costs, as moot.