Daria SKEETE, Plaintiff,

v.

IVF AMERICA, INC, Gerardo Canet
and Dwight Ryan, Defendants.

No. 96 Civ. 8931 (JGK).

United States District Court,
S.D. New York.

July 25, 1997.

Daria Skeete, Atlanta, GA, pro se.

Ledy–Gurren & Blumenstock, L.L.P., New York City (Nancy Ledy–Gurren, Deborah Bass, of counsel), for Defendants.

*OPINION AND ORDER*

KOELTL, District Judge.

The plaintiff, Daria Skeete, filed this action against the defendants, IVF America, Inc. ("IVF"), Gerardo Canet, and Dwight Ryan, alleging that she was discriminated against on the basis of her race and sex in violation of both 42 U.S.C. § 2000e, *et seq.* ("Title VII") and N.Y. Human Rights Law § 290, and that she was retaliated against for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). Skeete also alleges that the defendants intentionally inflicted emotional distress upon her, and operated a *continuing criminal enterprise in* violation of 18 U.S.C. § 1962, *et seq.* ("RICO").

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendants move to dismiss portions of Skeete's complaint. The defendants move to dismiss as time-barred Skeete's Title VII claims and her intentional infliction of emotional distress claim. The defendants also move to dismiss Skeete's Title VII sex discrimination claim on the ground that this Court lacks subject matter jurisdiction over that claim. Finally, the defendant's move to dismiss Skeete's RICO claim for lack of standing.

"When deciding a motion to dismiss an action for failure to state a claim upon which relief may be granted, the court 'must accept the material facts alleged in the complaint as true.'" *Staron v. McDonald's Corp.,* 51 F.3d 353, 355 (2d Cir.1995) (quoting *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994)). The court "must not dismiss the action 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief.'" *Cohen,* 25 F.3d at 1172 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

"The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 International Brotherhood of Electrical Workers,* 905 F.2d 35, 37 (2d Cir.1990) (citing *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985)). In deciding a motion to dismiss, the Court

can consider the factual allegations in the complaint, documents incorporated in the complaint by reference, matters of which judicial notice may be taken, and documents either in the plaintiff's possession or of which she had knowledge and relied on in bringing suit. *See Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992); *I. Meyer Pincus & Associates, P.C. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir.1991).

■ Where a pro se litigant is involved, the same standards for dismissal apply. However, a "court should give the pro se litigant special latitude in responding to a motion to dismiss." *See Adams v. Chief of Security Operations*, 966 F.Supp. 210, 211–12 (S.D.N.Y.1997). Accordingly, the following facts are accepted as true for purposes of this motion.

## I.

On or about April 4, 1994, Skeete was hired by IVF as a Computer Information Systems Officer. (Complaint ¶ 1 at 2). On or about October 14, 1994, Skeete applied for a promotion. (Id. at ¶ 4). Skeete asserts that she was passed over for this position in favor of a substantially less qualified white male. (Id. at ¶ 5). Skeete then "notified" Ryan, IVF's Vice–President of Finance, that she should have been hired for this position. (Id. at ¶ 6).

Skeete states that because she was not satisfied with the results of her conversation with Ryan, she filed an EEOC complaint alleging that she had been discriminated against on the basis of both race and sex. However, in filling out her first EEOC Charge, she only checked the box indicating that she had been discriminated against on the basis of her race. (January 10, 1995 EEOC Charge, attached as Exhibit B to Affidavit of Daria Skeete ("Skeete Aff.")).

In her Charge, Skeete stated "I am Black.... In October 1994, I applied for a promotion.... However, a white male, who is less qualified than I, was selected for that position. I believe that I was discriminated [against] because of my Race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended." (Id.). In an affidavit attached to her EEOC Charge Skeete states "Given the fact that I am clearly more qualified, I believe that the reason why [another applicant] was selected for the position was because he is white. Also, out of 175 people in the company, there are only 8 Black women and out of those 8, only 2 (including myself) have college degrees. I am the only Black in the corporate office." (Id.).

In asserting a claim for retaliation, Skeete alleges that on or about January 24, 1995, Ryan and Canet "began a course of harassment of Plaintiff based on her complaint of race and sex discrimination...." (Complaint at ¶ 11). As part of this harassment, Skeete alleges that the defendants erased her electronic mail files, limited her access to IVF's computer system, "humiliated, badgered and effectively demoted Plaintiff for filing her EEOC complaint," constantly searched her desk, and informed her orally and in writing that she was going to be terminated. (Id. at ¶¶ 12–14). Skeete asserts that the defendants, by engaging in this same conduct, intentionally inflicted emotional distress upon her. (Id. at ¶¶ 16–18).

On March 24, 1995, Skeete filed a second EEOC Charge, in which she asserted that she had been retaliated against by the defendants. (March 24, 1995 EEOC Charge, attached as Exhibit D to Notice of Motion). On August 13, 1996, the EEOC sent a Right To Sue Letter to Skeete, informing her that she must file suit "WITHIN 90 DAYS [of her] receipt of this Notice...." (Right to Sue Letter, attached as Exhibit F to Notice of Motion). Skeete's complaint in this action was stamped received by the Pro Se Clerk of this Court on November 21, 1996.

In asserting a RICO claim, Skeete alleges that IVF "operated a continuing criminal enterprise, specifically structured to deprive the public, and particularly employees such as plaintiff the benefit of the protections afforded them under the law." (Complaint at ¶ 19). Skeete further alleges that the purpose of the criminal enterprise was to falsify insurance claims. (Id. at ¶ 20). To carry out

this enterprise, according to Skeete, IVF set up a series of companies to mislead insurers, and misrepresented to the Internal Revenue Service the status of full and part time employees. (Id. at ¶¶ 21–22).

Skeete states that she refused to participate in IVF's illegal activities and that IVF "used the power of the corporation and the assets derived therefrom to coerce other employees to participate in their racketeering enterprise and also coerced them to harass plaintiff and further used the illegally obtained profits to directly coerce and ultimately to harass and ruin Plaintiff." (Id. at ¶ 23). Moreover, Skeete asserts that as a result of the criminal enterprise her "business professional reputation was severely injured. Plaintiff has suffered financial injury over more than 1 1/2 years and irreparable harm to her business development...." (Id. at ¶ 25).

## II.

■ The defendants first move to dismiss Skeete's Title VII claims as time-barred. Title VII suits must be commenced not more than 90 days after receipt of the Right To Sue Letter. See 42 U.S.C. § 2000e–5(f)(1); see also Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir.1994). "Although not a jurisdictional predicate, the failure to comply with the statutory filing period warrants a dismissal in the absence of a recognized equitable consideration." Smith v. Local Union 28 Sheet Metal Workers, 877 F.Supp. 165, 172 (S.D.N.Y.1995), aff'd., 100 F.3d 943 (2d Cir.1996); see also Holmes v. NBC/GE, 914 F.Supp. 1040, 1042 (S.D.N.Y. 1996).

The Right To Sue Letter states that it was mailed to Skeete at a post office box address on August 13, 1996. The defendants argue, relying on Federal Rule of Civil Procedure 6(e)[1], that Skeete should be deemed to have received the Right To Sue Letter on August 16, 1996, and, therefore, the filing of her complaint with the Pro Se Clerk on November 21, 1996, 97 days after her deemed receipt of the Right To Sue Letter, was untimely.

■ Based on Rule 6(e) courts have presumed that a plaintiff received her Right To Sue Letter within three days of its mailing by the EEOC. See Holmes, 914 F.Supp. at 1042–43 (collecting cases); Smith, 877 F.Supp. at 172; see also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1724 n. 1, 80 L.Ed.2d 196 (1984). However, this presumption does not apply when the parties have submitted evidence to show when the plaintiff actually received the Right To Sue Letter. See Holmes, 914 F.Supp. at 1043–44. Moreover, it may be that an unexplained failure to visit a post office box for a long period of time may be so unreasonable as to bar suit. See Sousa v. National Labor Relations Board, 817 F.2d 10, 11 (2d Cir.1987).

■ Skeete states that she only received the Right To Sue Letter on August 24, 1996. (Skeete Aff. at ¶ 3(a)). Receipt of the Right To Sue Letter on August 24, 1996 would mean that Skeete's suit was filed within 90 days of her receipt of the Right To Sue Letter. However, the defendants argue that Skeete's delay in retrieving the Right To Sue Letter was unreasonable. They point to evidence that notice to pick up the Right To Sue Letter was given to Skeete by the post office on both August 16, 1996 and August 23, 1996. The facts remain unclear on this motion. The papers do not indicate whether the plaintiff received the first notice from the post office and, if she did, why she did not retrieve the Right To Sue Letter at that time. On a motion to dismiss, this Court cannot determine when in fact Skeete received the Right To Sue Letter, and whether any delay in her receipt was unreasonable. See Holmes, 914 F.Supp. at 1043–44; see also Sousa, 817 F.2d at 11. Thus, the defendants' motion to dismiss Skeete's Title VII claims as untimely is denied.

■ The defendants also argue that the Court lacks subject matter jurisdiction over

---

1. Federal Rule of Civil Procedure 6(e) provides that "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."

Skeete's Title VII sex discrimination claim. In Title VII cases, the district court has jurisdiction only over those claims either included in the EEOC Charge or that are "reasonably related" to the allegations in the plaintiff's EEOC complaint. *See Butts v. City of New York Department of Housing Preservation and Development,* 990 F.2d 1397, 1401 (2d Cir.1993); *Walsh v. National Westminster Bancorp., Inc.,* 921 F.Supp. 168, 171 (S.D.N.Y.1995). In deciding whether claims are reasonably related, the relevant inquiry is whether the EEOC could reasonably be expected to have investigated Skeete's sex discrimination claim based on the allegations contained in her Charge. *See Walsh,* 921 F.Supp. at 172; *Clements v. St. Vincent's Hospital and Medical Center of New York,* 919 F.Supp. 161, 163 (S.D.N.Y. 1996). In her Charge, Skeete complained only of racial discrimination, not sex discrimination.

Skeete argues that her sex discrimination claim was reasonably related to the allegations in her first EEOC Charge, because she stated in the affidavit attached to that Charge that out of 175 people employed by IVF there were only 8 black women. However, in that same affidavit, Skeete stated that she was passed over for the position she sought in favor of another applicant because he was white. Nowhere in the affidavit does Skeete allege that she was not selected because she was a woman. Moreover, on the EEOC Charge itself, Skeete stated that she was discriminated against because of her race and checked the box indicating that she had been discriminated on that basis. That Charge does not present any allegations of discrimination on the basis of sex, nor did Skeete check the sex discrimination box.

The EEOC, based on the information provided by Skeete, could not have been expected to investigate whether she was discriminated against based on her sex, because Skeete only alleged in her Charge that she had been discriminated against because of her race. Such a claim of discrimination, because it asserts a different type of discrimination than was alleged in the Charge, cannot be considered reasonably related to the allegations in Skeete's Charge. *See Nar-*

*varte v. Chase Manhattan Bank, N.A.,* 1997 WL 379705 *2–*3 (S.D.N.Y. July 8, 1997) (claims for discrimination on the basis of color, religion and national origin not related to a claim of racial discrimination); *Walsh,* 921 F.Supp. at 172 (sex discrimination claim not reasonably related to claim of retaliation); *Clements,* 919 F.Supp. at 163 (sex claim not reasonably related to race claim); *Fitch v. R.J. Reynolds Tobacco,* 678 F.Supp. 1046, 1048–49 (S.D.N.Y.1987) (retaliation claim not reasonably related to race claim). Therefore, Skeete's Title VII claim asserting that she was discriminated against on the basis of her sex is dismissed.

■■ The defendants also move to dismiss Skeete's intentional infliction of emotional distress claim as time barred. It is well established that the statute of limitations for such a claim is one year. *See Drury v. Tucker,* 210 A.D.2d 891, 892, 621 N.Y.S.2d 822, 823 (4th Dep't 1994); *Campbell v. Chabot,* 189 A.D.2d 746, 747, 592 N.Y.S.2d 423, 424 (2d Dep't 1993). In seeking to dismiss this claim the defendants assert that "[a]lthough plaintiff does not specifically allege when the acts constituting this intentional tort were committed, it is undisputed that such acts could have occurred no later than April 14, 1995, the last date of plaintiff's employment." (Defendants Memorandum of Law at 6).

However, on the record before the Court on this motion to dismiss, it cannot be determined when the last act constituting the intentional tort occurred. The Court cannot determine whether it is in fact undisputed that the last act occurred no later than the date of Skeete's termination. Moreover, the affidavit the defendants submit, in support of their assertion as to when Skeete's termination occurred, is not properly part of the record on a pre-answer motion to dismiss. Therefore, the defendants' motion to dismiss Skeete's intentional infliction of emotional distress claim is denied without prejudice to renewal.

■■ Finally, the defendants move to dismiss Skeete's RICO claim for lack of standing. "To invoke RICO's civil remedies, a plaintiff must have been 'injured in his business or property by reason of a violation

of section 1962.' " *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1344 (2d Cir.1994) (citing 18 U.S.C. § 1964(c)); *see also In re American Express Co. Shareholder Litigation*, 39 F.3d 395, 399 (2d Cir.1994). In her complaint, Skeete alleges that she was injured as a result of her refusal to participate in the alleged RICO enterprise. Skeete also alleges that her business and professional reputation was severely injured and that she therefore suffered financial injury.

■ To state an injury sufficient to confer standing under RICO, the plaintiff must have been injured by the predicate acts that are essential for a RICO violation. *See O'Malley v. O'Neill*, 887 F.2d 1557, 1561 (11th Cir.1989), *cert. denied*, 496 U.S. 926, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 497, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985)); *Burdick v. American Express Co.*, 865 F.2d 527, 529 (2d Cir.1989). In this case, the predicate acts Skeete alleges involve defrauding insurance companies and misleading the Internal Revenue Service. Plainly Skeete is not alleging that she was injured by these predicate acts. Instead, Skeete alleges that she was injured for refusing to participate in the RICO violations. However, such an injury was not the result of the predicate acts and therefore is not sufficient to confer standing. *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 24 (2d Cir.1990); *O'Malley*, 887 F.2d at 1561; *Burdick*, 865 F.2d at 529. Thus, Skeete's RICO claim is dismissed.

## CONCLUSION

The defendants' motion to dismiss Skeete's Title VII claims as untimely is *denied*. The defendants' motion to dismiss Skeete's sex discrimination claim is *granted*. The defendants' motion to dismiss Skeete's intentional infliction of emotional distress claim is *denied without prejudice to renewal*. The defendants' motion to dismiss Skeete's RICO claim for lack of standing is *granted*.

**SO ORDERED.**