Nancy **SPIELBERG**, et al. **Plaintiffs,**

v.

**AMERICAN AIRLINES,
INC., Defendant.**

Nos. **96 CIV. 4763 CBM, 96 CIV. 4762
CBM, 96 CIV. 6846 CBM.**

United States District Court,
S.D. New York.

July 18, 2000.

Kriendler & Kriendler by James P. Kriendler, for Plaintiffs.

Haight Gardner Holland & Knight, by Randal R. Kraft, Jr., for Defendants.

### MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs, Nancy Spielberg, Jessica Katz, Melissa Katz, Karen Berman, Leah Berman, Louis Weiss, Alice Weiss, Gerson Freedman, Miriam Lewinger, Garry Bonner, Kenny Vance, Murray Weinstock and Tavous Lavi, recovered a verdict in the amount of $2,225,000.00 from defendant, American Airlines, Inc. ("American") following a seven day jury trial before this court on October 7, 1999. Defendants now file a motion for a new trial or, in the alternative, for a remittitur of the verdict. The court hereby grants defendant's motion for a remittitur of the verdict as to plaintiff Melissa Katz.

Plaintiffs' awards for past and future emotional distress are as follows:

| # | Passenger | Total Award | Past Emotional Distress | Future Emotional Distress |
|---|---|---|---|---|
| 1. | Nancy Spielberg | $ 160,000.00 | $ 150,000.00 | 0 |
| 2. | Jessica Katz | $ 215,000.00 | $ 150,000.00 | $ 50,000.00 |
| 3. | Melissa Katz | $ 165,000.00 | $ 150,000.00 | N/A [1] |
| 4. | Karen Berman | $ 190,000.00 | $ 150,000.00 | $ 30,000.00 |
| 5. | Leah Berman | $ 215,000.00 | $ 150,000.00 | $ 50,000.00 |
| 6. | Tavous Lavi | $ 165,000.00 | $ 150,000.00 | N/A |
| 7. | Kenny Vance | $ 160,000.00 | $ 150,000.00 | 0 |
| 8. | Garry Bonner | $ 160,000.00 | $ 150,000.00 | 0 |
| 9. | Murray Weinstock | $ 165,000.00 | $ 150,000.00 | 0 |
| 10. | Gerson Freedman | $ 180,000.00 | $ 150,000.00 | N/A |
| 11. | Louis Weiss | $ 150,000.00 | $ 150,000.00 | N/A |
| 12. | Alice Weiss | $ 150,000.00 | $ 150,000.00 | N/A |
| 13. | Miriam Lewinger | $ 150,000.00 | $ 150,000.00 | 0 |
| | TOTAL | $2,225,000.00 | $1,950,000.00 | $130,000.00 |

■ Defendant argues that the verdict should be reduced because the awards for past emotional distress were excessive and unreasonable under the circumstances.[2] In federal diversity cases, when a motion for a remittitur is coupled with a motion for a new trial the court shall use the forum state's standards for granting a remittitur. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 418, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). In this case, Rule 5501(c) of the New York Civil Practice Law and Rules governs the review of the excessiveness of the verdict and provides that, "[i]n reviewing any money judgment in an action in which...it is contended that the award is excessive or inadequate... the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation." N.Y. Civ. Prac. L. & R. § 5501(c). "To determine whether an award 'deviates materially from what would be reasonable compensation,' New York state courts look to awards approved in similar cases." *Gas-*

*perini*, 518 U.S. at 425, 116 S.Ct. 2211 (citations omitted).

■ The plaintiffs in this case sought damages for "fear of dying" caused by a traumatic experience, severe turbulence on an airplane. While there are no reported cases in this venue addressing "fear of dying" caused by airplane turbulence, there are analogous cases involving traumatic experiences which caused emotional distress or led to post traumatic stress disorder. Plaintiffs in this case received damages for past and future emotional distress in amounts ranging from $150,000.00 to $215,000.00, each receiving $150,000 for past emotional distress.[3] Plaintiffs have cited several New York cases in which awards for past emotional distress ranging from $150,000.00 to $600,000.00 were upheld by courts in New York. *See Baker v. Dorfman*, 1999 WL 191531 (S.D.N.Y. April 6, 1999) (upholding an award of $285,000.00 for emotional distress attendant to the trauma of being initially misdiagnosed with HIV); *Sogg v. American Airlines*, 193 A.D.2d 153, 603 N.Y.S.2d 21 (1st Dep't 1993) (upholding an award of

1. "N/A" indicates the specific Plaintiff did not seek such damages during the trial.

2. Plaintiff also sought a present value reduction for the future emotional distress damages. However, as defendant correctly points out, in a diversity action, New York law governs, thus future non-pecuniary awards less than $250,000.00 are exempt from present value reduction. *See* N.Y. Civ. Prac. L & R § 5041, Article 50–B.

3. Defendant argues that the uniform verdict is unjustified with respect to past emotional distress because each plaintiff experienced the trauma differently. The court rejects this argument because all of the plaintiffs alleged the same past emotional distress, "fear of dying," and a reasonable jury could find that this fear was worth $150,000.00 in damages for every plaintiff.

$400,000.00 for mental anguish in an employment discrimination case); *McIntyre v. Manhattan Ford, Lincoln–Mercury, Inc.,* 256 A.D.2d 269, 682 N.Y.S.2d 167 (1st Dep't 1998) (reducing award of $650,000.00 to 600,000.00 for emotional pain and suffering as a result of sexual harassment); *Shea v. Icelandair,* 925 F.Supp. 1014 (S.D.N.Y.1996) (upholding award of $175,000.00 for emotional distress where plaintiff-employee was demoted); *Martinez v. Gayson,* 1998 WL 564385 (E.D.N.Y. June 30, 1998) (upholding award of $150,000 for false arrest where no physical injuries sustained); *Stram v. Farrell,* 223 A.D.2d 260, 646 N.Y.S.2d 193 (3rd Dep't 1996) (upholding award of $250,000.00 for emotional distress due to verbal assault by neighbor); *Hughes v. Patrolmen's Benevolent Ass'n of City of New York, Inc.,* 850 F.2d 876 (2d Cir.1988) (award of $225,000.00 in emotional distress damages for harassment by co-workers). Since the instant award of $150,000.00 for past emotional distress is well within the range of similar New York verdicts for past emotional distress brought on by traumatic events, it cannot be said that the jury's verdict "deviates materially from what would be reasonable compensation." Thus, the court will not disturb the jury's verdict with respect to Nancy Spielberg, Jessica Katz, Karen Berman, Leah Berman, Louis Weiss, Alice Weiss, Gerson Freedman, Miriam Lewinger, Garry Bonner, Kenny Vance, Murray Weinstock or Tavous Lavi.

█ As to plaintiff Melissa Katz, the court finds that remittitur of her entire award is proper because the award is not supported by evidence in the trial record. Melissa Katz, who was two years old at the time of the turbulence incident, was awarded $150,000.00 for past emotional distress. The only evidence introduced at trial with respect to Melissa Katz's emotional injuries was the testimony of her mother, Nancy Spielberg:

Q: How has this airplane accident affected Melissa?

A: Well, after that whole incident and the hospital scene, when I came home from the hospital Melissa wouldn't let me out of her sight... When I was dropping her off at the front door at this day camp, I had to stay with her for the two hours, She wouldn't—she wouldn't stay by herself. She was in my bed every night. And I can tell you that she is now six, she started to sleep through the night a year ago...I wouldn't let her sleep in my bed, but she would come in to make sure I was okay. That was her excuse, are you okay, and then I would walk her back...We would get into the car and if I go—there is a couple speed bumps on the street I live on. She would scream. And this is mostly in the beginning before she was verbal, she would go "no-go bump, no-go bump." Then she would—you know, so every fast movement was an issue to her[.]

Q: Now, where are Jessica and Melissa today?

A: [M]elissa on the plane is basically okay...Melissa is still clingy, clinger than she was, much clingier. But she has improved as far as sleeping in her own bed.

Trial Transcript at 652–653 (Direct Examination of Nancy Spielberg). No other evidence was submitted to the record supporting Melissa Katz's claim for emotional distress damages. Unfortunately, Nancy Spielberg's lay testimony presents no basis for a reasonable jury to find that Melissa Katz suffered any emotional damage from the turbulence incident. Nancy Spielberg's testimony regarding Melissa's behavior presents nothing more than a description of any normal two-year old child's behavior. Thus, the record was completely devoid of evidence supporting Melissa Katz's claim for damages. Accordingly, the court grants plaintiff's motion for remittitur with respect to Melissa Katz's

award for past emotional distress, ordering remittur of the full amount of the award.