Sandra HOLMES, Plaintiff,

v.

NBC/GE, et al., Defendants.

No. 94 Civ. 9341 (CBM).

United States District Court,
S.D. New York.

Sept. 18, 1996.

James H. Callwood, Bronx, NY, for Sandra Holmes.

Gayle Chatilo Sproul, New York City, David P. Ford, N.B.C. Legal Dept., New York City, for NBC/GE.

David P. Ford, N.B.C. Legal Dept., New York City, for Ray Smith, Ed Kinney, Louis Giachetto, George Bushell, Peter Fallon.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, who claims to have suffered race and gender discrimination in the terms and conditions of her employment, filed this action alleging violations of, *inter alia,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII). By prior order, this Court denied in part plaintiff's motion seeking a wide range of miscellaneous relief, with certain portions of the motion severed for consideration after trial of the civil rights claims in this case. Plaintiff filed a notice of appeal and subsequently refused both to participate in pretrial conferences scheduled by this Court and to cooperate in taking discovery. Defendants have moved to sanction plaintiff and her counsel by requiring them to pay attorney's fees for expenses incurred by defendants' counsel in attending two pretrial conferences which plaintiff's counsel failed to attend. Plaintiff has not responded to this motion. Because plaintiff's counsel has no substantial justification for his absence from the two conferences and because the amount defendants request is not excessive under the circumstances, this motion is granted.

## BACKGROUND

The facts of the underlying dispute are set forth in this Court's previous decision in this case denying defendants' motion for summary judgment and familiarity therewith is assumed. *See Holmes v. NBC/GE,* 914 F.Supp. 1040 (S.D.N.Y.1996).

In response to this Court's denial in part of plaintiff's motion for a wide range of extraordinary relief, plaintiff filed a notice of appeal on May 6, 1996. From that time, plaintiff has failed to attend any pretrial conferences or cooperate in the taking of discovery, claiming that the notice of appeal divested this Court of jurisdiction.

Defendants then moved on July 30, 1996 to sanction plaintiff and her counsel for expenses incurred by defendants' counsel in attending two pretrial conferences at which plaintiff's counsel failed to appear.[1]

## ANALYSIS

### I.  PLAINTIFF'S PROFFERED JUSTIFICATION

■ Federal Rule of Civil Procedure 16(f) provides in relevant part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference ... the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any non-compliance with this rule, including attorney's fees, unless the judge finds that the non-compliance was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiff's absence from the pretrial conferences is not substantially justified nor would an award of expenses be unjust. Plaintiff

maintains, in her answer to a separate motion, that the nonappearance was justifiable because this Court had been divested of jurisdiction once her notice of appeal was filed on May 6, 1996. This is clearly not the case. Other than the denial of plaintiff's preliminary injunction, from which an appeal plainly does not divest the Court of jurisdiction, *see, e.g., N.Y. State National Organization for Women v. Terry,* 886 F.2d 1339, 1350 (2d Cir.1989)[2], none of the Court's orders from which plaintiff appealed were in fact appealable. Most importantly, the order which plaintiff cites as divesting the Court of jurisdiction when appealed, namely the denial of her summary judgment motion, has long been held to be nonappealable. *See Chappell & Co. v. Frankel,* 367 F.2d 197 (2d Cir.1966) (en banc). The rule in the Second Circuit is that an appeal from a nonappealable order does not divest the District Court of jurisdiction. *Leonhard v. United States,* 633 F.2d 599, 609–610 (2d Cir.1980). Thus, plaintiff's argument is without merit.

### II.  DEFENDANTS'  REQUESTED  AMOUNT

■ Rule 16(f) only authorizes the Court to grant *reasonable* attorney's fees, thus the amount which defendants request must be examined. Defendants maintain that their counsel spent three hours and forty five minutes attending the two conferences and calculated his hourly rate to be $150 an hour[3], making defendants' expenses five hundred and sixty two dollars and fifty cents. Because neither the hourly rate calculated by defendants for their counsel nor the amount of time expended by counsel strikes the Court as unreasonable or excessive, the full amount of defendants' request will be granted.

---

1.  Since the time the motion was filed, plaintiff has failed to attend a third pretrial conference scheduled for August 1, 1996. However, defendants have not to date requested attorney's fees for plaintiff's counsel's failure to attend this conference.

2.  Plaintiff appears to concede this in her answer to Defendants' Motion to Dismiss. *See* Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss and in Support of Cross Motion for

Judgment on the Pleadings and Preliminary Injunction, p. 7.

3.  Though defendants have retained in-house counsel in this matter, it is well settled that attorney's fees may be awarded for in-house attorneys. *See Broadcast Music v. R Bar of Manhattan,* 919 F.Supp. 656, 661 (S.D.N.Y.1996); *Perez v. Velez,* 629 F.Supp. 734, 737–38 (S.D.N.Y. 1985); *Brisbane v. Port Authority,* 550 F.Supp. 222, 224 (S.D.N.Y.1982).

### Order

For the reasons set forth in the Memorandum Opinion filed simultaneously herewith, defendants' motion for sanctions is GRANTED.

SO ORDERED.

