**Sandra HOLMES, Plaintiff,**

**v.**

**NBC/GE, et al., Defendants.**

**94 Civ. 9341 (CBM).**

United States District Court,
S.D. New York.

Nov. 25, 1996.

MEMORANDUM OPINION

MOTLEY, District Judge.

The facts of the underlying dispute are set forth in this Court's previous decision in this case denying defendants' motion for summary judgment and familiarity therewith is assumed. *See Holmes v. NBC/GE*, 914

F.Supp. 1040 (S.D.N.Y.1996). Plaintiff, who claims to have suffered race and gender discrimination in the terms and conditions of her employment, filed this action alleging violations of, *inter alia,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Title VII). By prior order, this court denied in part plaintiff's motion seeking a wide range of miscellaneous relief, with certain portions of the motion severed for consideration after trial of the civil rights claims in this case. Plaintiff filed a notice of appeal and subsequently refused both to participate in pretrial conferences scheduled by this Court and to cooperate in taking discovery. Defendant subsequently made two motions. The first was to sanction plaintiff and her counsel by requiring them to pay attorney's fees for expenses incurred by defendants' counsel in attending two pretrial conferences which plaintiff's counsel failed to attend. The second motion was to dismiss the action due to plaintiff's failure to obey orders of this court.

Plaintiff's motion for sanctions was granted by Memorandum Opinion and Order dated September 19, 1996. *See Holmes v. NBC/ GE,* 168 F.R.D. 481 (S.D.N.Y.). In that Memorandum Opinion, this Court ruled that Plaintiff's proffered justification for failing to appear, namely that this court was without jurisdiction to hear her claim because a notice of appeal had been filed, was rejected. The court stated that its denial of Plaintiff's motion for summary judgment was not appealable, and it is well settled that in the Second Circuit, the appeal of a nonappealable order does not divest the district court of jurisdiction. Decision was reserved on Defendant's motion to dismiss. By Order dated September 19, 1996, Plaintiff was directed to appear for a deposition on October 31, 1996. The Order was sent both to Plaintiff and to her counsel and explicitly warned Plaintiff that her failure to appear on October 31 would result in the dismissal of her case. Plaintiff did not appear for the taking of her deposition and has instead appealed this court's order imposing sanctions, another plainly unappealable order. As a result of these repeated, flagrant violations of the orders of this court, the court grants Defendant's motion to dismiss.

### Order

For the reasons set forth in the Memorandum Opinion filed simultaneously herewith, it is hereby ORDERED that this case be and is DISMISSED with prejudice.

SO ORDERED.