T.C. Memo. 2007-97

UNITED STATES TAX COURT

SANDRA HOLMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5699-05.                    Filed April 24, 2007.

<u>James H. Callwood</u>, for petitioner.

<u>Matthew J. Avon</u> and <u>Paul Schneiderman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency in and additions to petitioner's 2001 Federal income tax as follows:

|  | Additions to Tax | | |
| --- | --- | --- | --- |
| <u>Deficiency</u> | Sec.<br><u>6651(a)(1)</u> | Sec.<br><u>6651(a)(2)</u> | Sec.<br><u>6654(a)</u> |
| $35,380 | $2,037 | $1,358 | $242 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2001, and Rule references are to the Tax Court Rules of Practice and Procedure.

After settlement of some issues by the parties, the issue for decision is whether petitioner for 2001 is entitled to deduct legal fees.

## FINDINGS OF FACT

At the time the petition was filed, petitioner resided in New York, New York.

In 1994, using an attorney, petitioner filed in Federal District Court a lawsuit against petitioner's employer alleging sexual harassment and discrimination. In 1996, the District Court dismissed petitioner's lawsuit. In 1997 the United States Court of Appeals for the Second Circuit affirmed the dismissal. Holmes v. NBC, GE, 946 F. Supp. 2 (S.D.N.Y. 1996), affd. without published opinion Holmes v. NBC/GE, 133 F.3d 907 (2d Cir. 1997).

The specific terms of the fee agreement between petitioner and her attorney are not established in the record.

In 2001, even though petitioner's Federal sexual harassment and discrimination lawsuit had been dismissed against petitioner several years earlier, petitioner's attorney continued attempts to recover for petitioner damages relating to alleged sexual harassment and discrimination. The record does not indicate that petitioner ever recovered any amount of damages relating to

sexual harassment or discrimination.

On September 13, 2004, because petitioner had not filed her 2001 individual Federal income tax return, respondent prepared for petitioner a substitute tax return using third-party return information and determined against petitioner a tax deficiency of $35,380, plus the additions to tax listed above.

On or about September 5, 2006, 2 weeks prior to trial, petitioner signed and submitted to respondent her 2001 individual Federal income tax return and claimed thereon a $47,600 miscellaneous legal expense deduction under section 212, subject to the 2-percent adjusted-gross-income floor of section 67(a). At trial, after settling all other issues and without objection from respondent, petitioner was allowed to raise the issue as to the claimed $47,600 legal expense deduction.

Of the $47,600 in legal expenses petitioner seeks to deduct, petitioner acknowledges that in 2001 she paid her attorney no more than approximately $7,000, representing out-of-pocket legal expenses.

Petitioner has not submitted bills, receipts, canceled checks, or other records that would establish that petitioner paid any of the legal expenses that petitioner seeks to deduct.

Petitioner admits that she is a cash method taxpayer.

OPINION

A taxpayer is required to keep records to enable a determination of the taxpayer's correct Federal income tax liability to be made. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

A taxpayer may deduct from income ordinary and necessary expenses paid or incurred during a year in connection with the production of income. Sec. 212.

Under section 1.446-1(c)(1)(i), Income Tax Regs., a taxpayer who uses the cash method of accounting to compute taxable income may only deduct expenses in the year the expenses are paid. See Estate of Gordon v. Commissioner, 47 T.C. 462, 466 (1967); Dehoney v. Commissioner, T.C. Memo. 2006-108; Sandoval v. Commissioner, T.C. Memo. 1979-430.

Petitioner's argument that the statutory language of section 212 allows her a deduction for legal expenses "incurred" but not paid in 2001 is without merit.

Because petitioner has not substantiated that she paid any legal fees in 2001, petitioner is not entitled to a deduction in 2001 for legal fees in any amount.

To reflect the foregoing,

Decision will be entered

under Rule 155.