■ WARREN McCAIN, Appellant, v EATON CORPORATION, Respondent. [623 NYS2d 626] —In an action, *inter alia,* pursuant to Executive Law § 297, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Smith, J.), dated February 8, 1993, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered April 30, 1993, which dismissed the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Following the termination of the plaintiff's employment by the defendant corporation, his former employer, on February 5, 1987, the plaintiff filed charges with the Equal Employment Opportunity Commission (hereinafter EEOC). The charges included, *inter alia,* discrimination on account of race and color, and retaliation for opposition to alleged discriminatory hiring and promotion practices of the defendant. The EEOC referred the charges to the New York State Division of Human Rights (hereinafter the SDHR).

In the interim, the plaintiff commenced this action in the Supreme Court, based upon the same issues charged in his complaint to the EEOC. By letter dated June 17, 1988, the plaintiff wrote to the SDHR, asking it to hold the matter in abeyance until a decision was obtained in the court action. By letter dated October 3, 1988, the plaintiff's attorney wrote to the SDHR, and asked the SDHR to dismiss the plaintiff's complaint "for administrative convenience". The SDHR dismissed the complaint as requested.

The Supreme Court granted the defendant's motion for summary judgment in its entirety. We affirm.

The plaintiff's cause of action which asserts race discrimination and illegal retaliation pursuant to New York Executive Law § 296 was properly dismissed because prior to the amendment of Executive Law § 297 (9), effective July 15, 1991, the filing of charges with the EEOC constituted an election of remedies under the Executive Law (see, L 1991, ch 342). In addition, once a grievance is taken to the SDHR, the election to do so cannot be undone by dropping the proceeding before the agency (Scott v Carter-Wallace, Inc., 147 AD2d 33). The cause of action to recover damages for intentional infliction of emotional distress was also properly dismissed, as that tort cannot be pleaded for the purpose of circumventing the rule prohibiting an at-will employee from suing for wrongful discharge and, in any event, as none of the allegations make out the kind of outrageous conduct required for a cause of action for intentional infliction of emotional distress (see, Murphy v American Home Prods. Corp., 58 NY2d 293; Stuart v WMHT Educ. Telecommunications, 195 AD2d 671; Lapidus v New York City Ch. of N. Y. State Assn. for Retarded Children, 118 AD2d 122). Copertino, J. P., Pizzuto, Joy and Friedmann, JJ., concur.