Christopher T. CLEMENTS, Plaintiff,

v.

ST. VINCENT'S HOSPITAL AND
MEDICAL CENTER OF NEW
YORK, Defendant.

No. 94 Civ. 1907 (DAB).

United States District Court,
S.D. New York.

March 25, 1996.

Christopher T. Clements, pro se.

Burke Horan & Macri, New York City (Stephen J. Macri, John L. Harrisingh, of counsel), for Defendant.

### *MEMORANDUM and ORDER*

BATTS, District Judge.

Christopher T. Clements, proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VIII"), against his former employer, St. Vincent's Hospital and Medical Center of New York ("St. Vincent's"). Defendant, St. Vincent's, moves for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative, for partial summary judgment pursuant to Rule 56. For the reasons stated below, Defendant's motion will be granted in part, and denied in part.

### BACKGROUND

Defendant St. Vincent's is a *not-for-profit* acute care hospital with related health care facilities located in Manhattan. (Macri Aff. ¶ 3.) Plaintiff Clements was employed in the Patient Accounts Department of the Finance Division of St. Vincent's Hospital from January 1981 to November 1989. (Def.'s 3(g) ¶ 1.) On November 21, 1989, Defendant discharged Plaintiff from his position as supervisor of the Finance Control Unit within the Patient Accounts Department. (Macri Aff. ¶ 3.)

On March 15, 1990, Clements filed a charge alleging race discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Macri Aff. Ex. C (Charge No. 160–90–0904) (hereinafter EEOC Charge); Def.'s 3(g) ¶ 3.) Plaintiff's EEOC charge lists only race as the basis of discrimination.[1] (EEOC Charge.) The EEOC deferred investigation and determination of the charge to the New York State Division of Human Rights ("SDHR"). (Def.'s 3(g) ¶ 3.) On October 14, 1993, following its investigation, the SDHR issued a determination and order finding no probable cause to believe that defendant engaged in unlawful discriminatory practices based on either race or color. (Compl. Ex. C (Determination and Order After Investigation).)[2]

On March 18, 1994, Clements commenced this action *pro se*, seeking equitable and other relief. (Compl.) In his Complaint, Plaintiff alleges that in terminating his employment, St. Vincent's discriminated against him on the basis of his race, color, and sex. (Compl. ¶ 10.)

Defendant now moves for partial judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or, in the alternative, for partial summary judgment pursuant to Rule 56, on the grounds that the Court lacks the subject matter jurisdiction over the sex and color claims, and that those two claims are time-barred by the applicable statute of limitations. Because Plaintiff failed to raise the sex claim in his EEOC Charge, the Court will grant Defendant's motion with respect to that claim. However, in that the SDHR determination does list color discrimination as among the Clements's allegations, that claim will be allowed as reasonably related to the race claim.

---

1. Despite the Charge of Discrimination's specific provision of separate boxes to indicate sex or color discrimination, Plaintiff neither checked those boxes nor alleged such discrimination in the comments section provided.

2. The first two paragraphs of the Determination and Order after Investigation read:
   On March 15, 1990, CHRISTOPHER T CLEMENTS filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to Employment, *because of Race/Color* in violation of the Human Rights Law of the State of New York.

   After investigation, and following review of related information and evidence with named parties, the Division of Human Rights has determined that, insofar as respondent ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK is concerned, there is NO PROBABLE CAUSE to believe that the said respondent has engaged in or is engaging in *the unlawful discriminatory practice complained of....*
   Compl. Ex. C (Determination and Order After Investigation) (capitalization in original; emphasis added).

## DISCUSSION

"A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge. This exhaustion requirement is an essential element of Title VII's statutory scheme." *Butts v. City of New York,* 990 F.2d 1397, 1401 (2d Cir.1993) (citations omitted). The Second Circuit "ha[s] recognized three kinds of situations where claims not alleged in an EEOC charge are sufficiently related to the allegations in the charge that it would be unfair to civil rights plaintiffs to bar such claims in a civil action." *Id.* at 1402. Those three kinds of situations are where the later claim: (1) alleges "retaliation by an employer against an employee for filing an EEOC charge"; (2) alleges "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge"; and (3) "would fall within the 'scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination.'" *Butts* 990 F.2d at 1402–03 (*quoting Smith v. American President Lines, Ltd.,* 571 F.2d 102, 107 n. 10 (2d Cir.1978). Despite this latter category, EEOC allegations which lack factual specificity may not serve as jurisdictional predicates for claims of subsequent discrimination in the federal complaint. *Butts,* 990 F.2d at 1403.

In this case, Plaintiff did not allege sex as a basis for a claim of employment discrimination when he filed his complaint of racial discrimination with the EEOC. Accordingly, Plaintiff's federal claim of sex discrimination can only survive if the unalleged claim is "reasonably related" to a timely filed EEOC charge. *Butts,* at 1402.

In this case, none of the three "reasonably related" categories includes Plaintiff's allegation of sex discrimination. Plaintiff has not alleged any retaliatory actions taken against him by the defendant since his discharge from St. Vincent's Hospital in November 1989, nor has he alleged or provided evidence of further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge. This eliminates the first two categories.

The third type of "reasonably related" claim recognized by the Second Circuit "is essentially an allowance of loose pleading." *Butts,* 990 F.2d at 1402. "Recognizing that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering, we have allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* (*quoting Smith,* 571 F.2d at 107 n. 10).

The race claim here was not a loosely pleaded form of a sex claim. The complaint filed with the EEOC was a blanket claim for race discrimination; it lacks any factual specificity and fails to provide any basis to believe the additional claim of sex discrimination would arise in an EEOC or SDHR investigation.[3] The SDHR investigated the plaintiff's race claim and issued a "no probable cause" determination. That investigation could not be expected to, and did not, evolve into an investigation of whether the Plaintiff had been discriminated against on the basis of his sex. Accordingly, the sex-based claim is not "reasonably related" to his timely filed EEOC Charge. *See Newton v. Kroger Co.,* 501 F.Supp. 177, 178 (E.D.Ark.1980) (Arnold, C.J., sitting by designation) (dismissing sex discrimination claim where plaintiff's EEOC charge alleged only racial discrimination); *cf. Hicks v. ABT Associates, Inc.,* 572 F.2d 960, 967 (1978) (reversing summary judgment for defendant on sex discrimination claims not asserted before the EEOC where genuine issue of fact existed as to whether "a reasonable [EEOC] investigation of the charge as

---

**3.** "Were we to permit such vague, general allegations ... to define the scope of an EEOC investigation and thereby predicate subsequent claims in the federal lawsuit, such allegations would become routine boilerplate and Title VII's investigatory and mediation goals would be defeated." *Butts,* 990 F.2d at 1402; *see also Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992).

filed would have encompassed the sex discrimination claims"). Therefore, Defendant's motion to dismiss Plaintiff's sex discrimination claim is hereby granted.

■ However, because the color discrimination claim is "reasonably related" to other conduct alleged in his EEOC charge, this Court has jurisdiction to hear that claim. *Butts*, 990 F.2d at 1401–02. Plaintiff contends that, despite his failure to specifically indicate color discrimination, he did sufficiently raise the issue of color in his statement of the particulars, in which he stated: "I believe, (sic) I was discriminated against because of my race (black)." (Letter from Clements to the Court of 1/3/95.)

A color discrimination claim and a race discrimination claim are "of the same type and character" such that "the defendant cannot claim to be unfairly surprised by the allegation of [color] discrimination." *Avagliano v. Sumitomo Shoji America*, 614 F.Supp. 1397, 1403 (S.D.N.Y.1985) (finding race discrimination claim sufficiently related to the asserted national origin discrimination claim to allow former to go forward despite plaintiff's failure to plead it before the EEOC). Accordingly, Defendant's motion to dismiss the color discrimination claim will be denied. *See Avagliano*, 614 F.Supp. at 1403–04; *Peterson v. Insurance Co. of America*, 884 F.Supp. 107, 109–110 (S.D.N.Y.1995).

■ In his letter submission opposing Defendant's motion, Plaintiff requests leave to amend his Complaint to add state law claims under the New York Executive Law. Defendant opposes the request. Under New York Executive Law § 297 subd. 9, a person claiming to be aggrieved by an unlawful discriminatory practice may seek relief either from a court of appropriate jurisdiction or from the SDHR or any local commission on human rights, but not both. N.Y. Exec. Law § 297(9) (McKinney 1993); *see Moodie v. Federal Reserve Bank of New York*, 58 F.3d 879, 882–83 (2d Cir.1995). At the time Plaintiff filed his Complaint with the EEOC, such

a filing was considered an election of remedies under New York state law.[4] *Promisel v. First American Artificial Flowers, Inc.*, 943 F.2d 251, 257 (2d Cir.1991); *McCain v. Eaton Corp.*, 213 A.D.2d 462, 623 N.Y.S.2d 626, 627 (2d Dept.1995); *Scott v. Carter–Wallace, Inc.*, 147 A.D.2d 33, 541 N.Y.S.2d 780 (1st Dept.), *appeal dismissed*, 75 N.Y.2d 764, 551 N.Y.S.2d 903, 551 N.E.2d 104 (1989). Thus Plaintiff's election of an administrative forum prior to July 15, 1991 precludes a later court action on the same claims. *See McCain*, 623 N.Y.S.2d at 627; 1991 N.Y. Laws 342 § 2 ("This act [amending this section] shall take effect immediately [July 15, 1991] and shall apply to complaints filed with any federal commission on human rights on or after such date"), *reprinted in* N.Y.Exec. Law § 297 (McKinney 1993) (Historical and Statutory Notes on Effective Date of Amendment by L.1991, c. 342); *see also Promisel*, 943 F.2d at 257. Accordingly, Plaintiff's requested amendment would be futile, and leave to amend will be denied on that basis. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

## CONCLUSION

Defendant's motion is granted, in part and denied in part. Plaintiff's claim of sex discrimination is hereby DISMISSED; Defendant's motion to dismiss the color discrimination claim is DENIED.

Plaintiff's request for leave to amend the complaint to add claims under the New York Executive Law is DENIED.

\* \* \*

The parties shall appear before the Court for a scheduling conference on April 12, 1996, at 11:00 a.m.

SO ORDERED.

---

4. An amendment to New York Executive Law § 297(9), which became effective July 15, 1991, eliminated the election in cases such as this where the EEOC files a complaint with the SDHR in order to comply with the requirements of 42 U.S.C. § 2000e–5(c). *See* N.Y. Exec. Law § 297(9) (McKinney 1993); *id.* § 297 (Historical and Statutory Notes on 1991 Amendments); *McCain v. Eaton Corp.*, 213 A.D.2d 462, 623 N.Y.S.2d 626, 627 (2d Dep't 1995).