Mona C. PORTER, Individually and on
behalf of all others similarly
situated, Plaintiff,

v.

TEXACO INC., a Delaware Corporation,
Defendant.

No. 96 Civ. 9780(BDP).

United States District Court,
S.D. New York.

Nov. 14, 1997.

Kevin P. Barry, Poughkeepsie, NY, for Plaintiffs.

Gregory I. Rasin, Joseph Saccamano, Jackson, Lewis, Schnitzler & Krupman, New York City, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff Mona C. Porter filed this action, on behalf of herself and on behalf of others similarly situated, against Texaco, Inc, her employer, alleging that Texaco discriminated against her on the basis of sex and unlawfully retaliated against her, in violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* and the New York Human Rights Law, New York Executive Law § 290 *et seq.* Plaintiff also asserts a claim of intentional infliction of emotional distress. Defendant moves, pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6), to dismiss. On October 29, 1993, plaintiff filed a charge with the EEOC asserting discrimination on the basis of age and asserting retaliation due to her decision to join a Title VII sex discrimination class action suit against Texaco filed by Texaco Employee Charlene McGowan. *See McGowan v. Texaco, Inc.,* Civil Action No. 93–0615 (S.D.N.Y.1993), *aff'd* 108 F.3d 1370 (2d Cir.1997). In support of class certification in the *McGowan* case, plaintiff, prior to filing her EEOC charge, completed an affidavit detailing the sex discrimination that she believed she had experienced at Texaco.

Although the *McGowan* case was pending when plaintiff filed her EEOC charge, a class was never certified and McGowan's individual claim of sex discrimination claim was later dismissed. *Id.*

Plaintiff did not allege sex discrimination in her EEOC charge, yet she now asserts a claim of sex discrimination in this Title VII case. The primary issue on this motion is whether plaintiff is precluded in this action from pursuing claims of sex discrimination that she did not allege in her EEOC charge, due to her expectation of participating in the *McGowan* suit. For the reasons that follow, we hold that due to plaintiff's failure to file a timely EEOC charge of sex discrimination, this Court lacks jurisdiction to hear plaintiff's Title VII claim of sex discrimination. Accordingly, her sex discrimination and retaliation claims are dismissed.[1] Plaintiff's supplemental state law claims are dismissed without prejudice.

### BACKGROUND

On a Rule 12(b) motion, the court accepts as true the factual allegations in the complaint and supporting documentation. Plaintiff Mona C. Porter began work at Texaco in November 1985 as a financial accountant, a pay grade level 9 position. Between 1985 and 1988 plaintiff received above average performance reviews and advanced in her career. In August 1986, plaintiff was promoted to a pay grade level 10 position and received a 9.7% annual salary increase. Plaintiff received a 20% annual salary increase in 1987, and a 19.2% annual salary increase in 1988, when she was promoted to a pay grade level 12 position. Plaintiff was then advised that due to her recent promotions, she would not be eligible for another promotion during the next 18 months, although she would continue to be eligible for salary increases. During 1989, plaintiff received a 16% annual salary increase.

In late 1989 and early 1990, plaintiff, believing that her work assignments were no longer as challenging or as high profile as those of her male colleagues, became concerned that her career had stalled. At the

---

1. Because plaintiff's individual claims are dismissed, the class claims necessarily fail as well.

suggestion of a human resources manager whom Porter had contacted to express her concerns, she discussed with her manager, John Reinhardt, the possibility of transferring to another department as a means of obtaining more visible and challenging work. Reinhardt discouraged Porter from requesting a transfer and stated that she would be taking a "risk" by doing so. When plaintiff submitted a written transfer request in January 1990, Reinhardt became annoyed with plaintiff and reiterated his view that she was taking a career risk by attempting to transfer.

In April 1990, plaintiff received her first negative performance review, from Reinhardt and plaintiff's immediate supervisor. Thereafter, plaintiff expressed to Reinhardt her belief that she was being discriminated against because she was a woman who, wanted to advance. Plaintiff's subsequent attempts to transfer were unsuccessful, she believed, due to the April 1990 negative performance review and Reinhardt's continuing opposition to her transfer.

In May 1992, a departmental reorganization eliminated plaintiff's position. The one other woman in plaintiff's 14 person work group was transferred to another department. Plaintiff remained employed by Texaco, but received little work. Although Porter discussed her situation with a representative of the human resources department, she was not reassigned until December 1992, at which time she was placed in the same position she held when she started at Texaco in 1985.

Plaintiff's salary increases subsequent to the April 1990 negative performance review were not as substantial as those during the 1985 to 1988 period. Plaintiff received a 5% salary increase in 1991, no increase in 1992, a 2.9% increase in 1993, no increase in 1994, a 2.7% increase in 1995, and no increase in 1996.

On October 29, 1993, plaintiff filed her EEOC charge, asserting age discrimination and retaliation due to her decision to participate in the *McGowan* Title VII sex discrimination class action suit. In an affidavit attached to her EEOC charge, plaintiff identified the retaliation as a poor interim performance review she had received in July 1993. While plaintiff's EEOC charge and the affidavit plaintiff submitted in connection thereto referred to the *McGowan* case, neither the charge nor the affidavit contained allegations of sex discrimination. Nor did plaintiff's submissions to the EEOC include a copy of her *McGowan* affidavit. In her EEOC affidavit, Porter also suggested that the employee performance review system was inappropriate because her review was not conducted at the proper time and because it focused on the duties she actually performed, rather than the duties of the position and title she officially held at the time. Finally, plaintiff stated she believed that the company was eliminating those employees it viewed as "troublemakers."

By letter dated November 1, 1993, the EEOC informed Texaco of plaintiff's charges of age discrimination and unlawful retaliation. By letter dated September 4, 1996, the EEOC informed plaintiff that it had uncovered no evidence in support of either claim. The EEOC concluded that plaintiff's planned participation in the *McGowan* suit could not have provoked the retaliation plaintiff identified because Texaco did not learn of plaintiff's planned participation in the suit until August 25, 1993, after the July 28 performance review. Presumably because Porter's EEOC charge alleged retaliation, but not sex discrimination, the EEOC investigation did not encompass or address claims of sex discrimination on behalf of plaintiff. Plaintiff's *McGowan* affidavit was submitted to the EEOC, by Texaco, subsequent to the filing of the charge, in connection with Texaco's refutation of plaintiff's retaliation claim. The EEOC issued Porter a right to sue letter dated September 9, 1996.

Plaintiff's Title VII complaint alleges that Texaco's Performance Management, Program, which is the employee performance review system, is administered in a manner that unfairly limits the employment opportunities of women. Plaintiff further alleges that Texaco uses the Performance Management Program to retaliate against those women and minorities who complain about discrimination at Texaco. Plaintiff contends that the employee review system was used to

frustrate her career ambitions, to deny her opportunities for challenging work, and to limit her salary. In plaintiff's *McGowan* affidavit, she alleged practices of sex discrimination substantially similar to those alleged in her Title VII complaint.

## DISCUSSION

"A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is reasonably related to that alleged in the EEOC charge. This exhaustion requirement is an essential element of Title VII's statutory scheme." *Clements v. St. Vincent's Hosp. and Med. Ctr. of New York*, 919 F.Supp. 161, 163 (S.D.N.Y.1996) (quoting *Butts v. City of New York*, 990 F.2d 1397, 1401 (2d Cir.1993) (internal quotations and citations omitted)). The purpose of the exhaustion requirement is "to encourage settlement of discrimination disputes through conciliation and voluntary compliance." *Butts*, 990 F.2d at 1401. The filing of a charge of discrimination allows the EEOC to "investigate, mediate, and take remedial action." *Stewart v. United States Immigration and Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir.1985). The filing of an EEOC charge also provides an employer with "a chance to rectify voluntarily the alleged violation, thereby avoiding a court action." *Foster v. CBS Records, Div. of CBS, Inc.*, 109 F.R.D. 168, 170 (S.D.N.Y.1986); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982) (describing the principle of the filing procedure as giving notice to the employer of the discrimination claim).

■ The Second Circuit has recognized "three kinds of situations where claims not alleged in an EEOC charge are sufficiently related to the allegations in the charge that it would be unfair to civil rights plaintiffs to bar such claims in a civil action." *Butts*, 990 F.2d at 1402. First, a claim is reasonably related to the allegations in the EEOC charge if it alleges retaliation by an employer against an employee for filing the EEOC charge. *Butts*, 990 F.2d at 1402; *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1208–1209 (2nd Cir.1993); *Owens v. New York City Housing Auth.*, 934 F.2d 405, 410–11 (2d Cir.1991); *Kirkland v. Buffalo Bd. of Ed.*, 622 F.2d 1066, 1069 (2d Cir.1980). Second, a claim is reasonably related if it alleges "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts*, 990 F.2d at 1402–1403; *Almendral v, New York State Office of Mental Health*, 743 F.2d 963 967 (2d Cir. 1984) (allowing Title VII suit alleging "subsequent acts [that] are essentially the same as the earlier allegedly wrongful conduct contained in the EEOC complaint"). Third, a claim is reasonably related if it "would fall within the scope of the EEOC investigation which can be reasonably expected to grow out of the charge of discrimination." *Butts*, 990 F.2d at 1402 (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n. 10 (2d Cir.1978) (internal quotations omitted)).

## SEX DISCRIMINATION CLAIM

■ The allegations of sex discrimination contained in Porter's Title VII complaint are neither included within, nor reasonably related to, the age discrimination or retaliation allegations in her EEOC charge. Although Porter's EEOC charge referred to the affidavit she filed in the *McGowan* action, the EEOC charge itself contained no allegations of sex discrimination. Porter's references to the *McGowan* case and the affidavit she filed in connection with it merely established the conduct that she believed that retaliation by Texaco.

Under none of the three formulations of the "reasonably related" requirement may the allegations contained in plaintiff's EEOC charge of retaliation create a jurisdictional basis for plaintiff's Title VII sex discrimination claims in this action. *See, e.g., Gilani v. National Ass'n of Securities Dealers, Inc.*, 1997 WL 473383, 5 (S.D.N.Y.) (EEOC charge of retaliation for promotion of minority rights does not create jurisdiction over race discrimination and hostile environment claims in Title VII suit); *Hernandez v. New York City Law Dept. Corp. Counsel*, 1997 WL 27047, at *7, *8 (S.D.N.Y.) (not allowing EEOC charge of retaliation to create basis for assertion of race, sex, color, or national origin discrimination in Title VII case); *Walsh v. National*

*Westminster Bancorp,* 921 F.Supp. 168, 171–172 (S.D.N.Y.1995) (disallowing a Title VII sexual harassment claim based on an EEOC charge of retaliation for opposing sexual harassment). First, the Texaco policies and practices that plaintiff's Title VII complaint alleges constitute sex discrimination were not implemented in retaliation for plaintiff's filing an EEOC charge or otherwise opposing workplace discrimination. The employee performance evaluation system was devised long before plaintiff filed her EEOC charge.

Second, the policies and practices of sex discrimination alleged in Porter's Title VII complaint do not comprise "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Butts,* 990 F.2d at 1402–1403. Although plaintiff claimed in her EEOC charge as well as her Title VII complaint that the performance evaluation process is unfair, her explanations for that unfairness differ. In her EEOC affidavit, plaintiff contended that she was given a poor evaluation due to her decision to join the *McGowan* class action suit. Plaintiffs' EEOC charge of age discrimination and retaliation did not allege that the Performance Management Program was unfair to women generally, or even that it was unfair to plaintiff on account of her being a woman, but rather that it was unfair to her because she had taken actions that might have caused her to be viewed as a "troublemaker." In her Title VII complaint, in contrast, plaintiff alleges that the performance evaluation system systematically discriminates on account of sex. Thus, plaintiff's Title VII sex discrimination claim does not refer to acts of discrimination carried out in precisely the same manner as those acts of age discrimination or unlawful retaliation alleged in her EEOC charge.

■ Third, Porter's Title VII allegations regarding the performance review system would likely not be encompassed by an EEOC investigation into her EEOC charge of unlawful retaliation or age discrimination. Since the claims rely on different facts and embody different legal theories, the facts alleged in Porter's EEOC charge would not prompt an investigation into the facts that underlie her Title VII sex discrimination claim. Because claims of retaliation for filing a complaint of, or otherwise opposing, sex discrimination do not require a meritorious sex discrimination claim, but only a good faith belief in the existence of such a claim, EEOC investigations of retaliation claims generally do not consider the validity of the underlying sex discrimination claim. "An administrative complaint limited exclusively to a claim of retaliation is not likely to trigger an investigation of the underlying discriminatory treatment of which plaintiff complained." *Dixit v. City of New York Dep't. of Gen. Serv.,* 972 F.Supp. 730, 734 (S.D.N.Y. 1997). In Porter's case, in fact, the actual EEOC investigation did not address the merits of any claim, either individual or systemic, of sex discrimination. Thus, plaintiff's EEOC charge of retaliation does not provide a jurisdictional predicate for her assertion of sex discrimination claims in this Title VII suit.

### RETALIATION CLAIM

■ Although plaintiff asserts retaliation claims in both her EEOC charge and her Title VII complaint, the retaliation asserted in her Title VII complaint is not reasonably related to that alleged in the EEOC charge. According to plaintiff, different conduct prompted the retaliation in the two instances. In her EEOC charge, plaintiff contended she was retaliated against because of her 1993 decision to participate in the *McGowan* suit. In her Title VII complaint, in contrast, plaintiff asserts that she was retaliated against beginning in 1990 after she requested a transfer and, when the transfer was not forthcoming, expressed her opinion that she was being discriminated against on account of sex.

The form of the retaliation alleged by plaintiff in the EEOC charge also differs from that claimed in her Title VII complaint. The EEOC charge identifies the negative performance review in July 1993 as the retaliatory conduct, while in the Title VII complaint the retaliatory conduct spans several years and consists of a variety of actions, including a demotion and limited salary increases, that plaintiff contends foreclosed her career opportunities. Thus, the retaliation

complained of in the Title VII complaint is not a continuation of the retaliation alleged in the EEOC charge. See Davis v. City University of New York, 1996 WL 243256, 13 (S.D.N.Y.) (holding that race discrimination claims regarding tenure, promotion, office space, and compensation are not the same as race discrimination claims regarding the securing of research grants, support of research projects, and time release for research studies). Nor are plaintiff's Title VII allegations of retaliation within the likely scope of an investigation based on plaintiff's EEOC charge.

Notwithstanding the requirement that Title VII claims be included within, or reasonably related to, charges filed with the EEOC, plaintiff contends that she should be able to assert her sex discrimination claims in this Title VII action because Texaco had notice of those claims when it received plaintiff's McGowan affidavit, prior to the filing of plaintiff's EEOC charge. The EEOC also received, from Texaco, a copy of plaintiff's McGowan affidavit, albeit subsequent to the filing of plaintiff's EEOC charge. Thus, plaintiff contends, both Texaco and the EEOC had adequate notice of her claims of sex discrimination.

Although the McGowan affidavit may have provided the defendant with timely notice of plaintiff's sex discrimination allegations, it did not provide timely notice to the EEOC, which received the affidavit after the filing of plaintiff's EEOC charge. The primary purpose of the filing requirement is to "notify the EEOC and the defendants of the plaintiff's allegations, thus enabling the EEOC to perform its conciliatory function, which in turn is intended to reduce litigation." Aleszczyk v. Xerox Corp., 1990 WL 251849, at *5 (W.D.N.Y.). In this case, even if the defendant was timely notified, the EEOC was not, and thus was not offered an opportunity to mediate plaintiff's sex discrimination claim. The EEOC's investigation encompassed claims of retaliation and age dis-

crimination, but not sex discrimination. The fact that plaintiff's McGowan affidavit was received by the defendant, and later submitted, by the defendant, to the EEOC, does not fulfill the purpose of the filing requirement. See Aleszczyk, 1990 WL 251849 at *5 (not allowing notice to defendant of plaintiffs' planned participation in later de-certified class action to satisfy notice requirement of Age Discrimination in Employment Act). Nor does the fact that Porter planned to participate in a class action suit for which she may not have needed to file an EEOC charge obviate the filing requirement with respect to the individual claims of sex discrimination she asserts in this Title VII action. Id.

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment is granted. Because plaintiff's federal law claims are dismissed before trial, the remaining state law claims should be dismissed as well.[2] United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Accordingly, plaintiff's state law claims are dismissed without prejudice.

**SO ORDERED:**

---

**2.** Because plaintiff's individual claims are dismissed, her class claims are dismissed as well. Even if plaintiff's individual claims were not dismissed, her class claims would nonetheless be dismissed because her EEOC complaint failed to allege any class wide discrimination. See Foster

v. CBS Records, Division of CBS, Inc., 109 F.R.D. 168. 171–172 (plaintiff's failure to allege class wide claims in EEOC complaint precluded later pursuit of class wide claims in age discrimination suit).