**Anna Mae STAATS, Plaintiff,**

v.

**OHIO RIVER COMPANY, Defendant.**

Civ. A. No. 83–1170.

United States District Court,
W.D. Pennsylvania.

Sept. 7, 1983.

Charles S. Morrow, Behrend, Aronson & Morrow, Pittsburgh, Pa., for plaintiff.

Raymond G. Hasley, Rose, Schmidt & Dixon, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

Eugene Staats, Sr., died on March 14, 1980, leaving his widow, the plaintiff in this action. On the date of his death Mr. Staats was 58 years old and an active employee of the defendant, Ohio River Company, with 30 years of service.

Defendant had established pension plans governed by the provisions of ERISA, 29 U.S.C. § 1001 et seq. Plaintiff has sought benefits under these plans following her husband's death and has been refused.

Plaintiff by this action contends that defendant has wrongfully deprived her of a surviving spouse annuity. Defendant has now moved for summary judgment arguing that because the deceased failed to elect the joint and survivor annuity option, plaintiff is not entitled to benefits. Plaintiff responds by challenging the structure of the pension plans and the sufficiency of the notice of the election opportunity.

For the reasons stated below, we conclude that defendant's pension plans and means of notice satisfy all statutory and regulatory requirements, and plaintiff is not entitled to a survivor annuity. Defendant's motion will therefore be granted and the action dismissed.

Defendant's pension plan provides an annuity to a participant on attainment of the normal retirement age of 65. Consonant with 29 U.S.C. § 1055(a), the plan also provides for a joint and survivor annuity option. This joint and survivor annuity becomes effective unless the participant elects out. 29 U.S.C. § 1055(e).

Defendant also offers the opportunity to retire with an annuity form of payment prior to the normal retirement age of 65. However, ERISA does not require the employer to offer the option of a joint and survivor annuity with all early retirements. Section 1055(b) provides that if a plan offers early retirement, it must also provide a joint and survivor annuity option to participants who reach the later of two defined dates. 29 U.S.C. § 1055(b).

It is clear in the instant case that the deceased reached the later of the two dates specified in § 1055(b). Mr. Staats had passed both the earliest retirement age under the plan and age 55. Therefore defendant was obligated to offer a pre-retirement joint and survivor annuity option to the deceased. Defendant's plan contains such an option and notice of the option was attempted.

It is undisputed that the deceased failed to elect the pre-retirement joint and survivor annuity option. Plaintiff seeks to avoid the effect of this omission in two ways, neither of which we find to be sufficient.

Plaintiff contends that by the terms of § 1055(e) the joint and survivor annuity became effective unless the participant elected out of this option. The argument continues, because Mr. Staats made no election, either affirmative or negative, the joint and survivor annuity took effect and plaintiff is entitled to benefits.

■ Plaintiff's argument ignores the clear provisions of § 1055(c). Specifically applicable to the pre-retirement joint and survivor annuity required in § 1055(b), this paragraph imposes the burden on the participant to affirmatively elect this option. The effect of § 1055(c) then is to make the pre-retirement joint and survivor annuity option effective only when the participant so elects. Section 1055(c), is a carefully carved out exception to the opt-out provisions of § 1055(e), and its language is clear. See, H.Conf.Rep. No. 1280, 93rd Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Ad.News 5060.

Having concluded that the pre-retirement joint and survivor annuity option is not automatically effective, we turn to plaintiff's second argument to excuse her husband's failure to elect. Plaintiff's argument, simply put, is that the deceased was denied the opportunity to elect the option because defendant's selected means of notice was improper and ineffective.

Section 1055(c) and (e) require defendant to provide such notice and informational materials as are necessary to apprise the participant of his option and permit him to intelligently exercise it. In the instant case, defendant sent several packets of material on the pre-retirement joint and survivor annuity option to the deceased by certified mail, return receipt requested.

Plaintiff claims that the deceased never received these materials and, therefore, had no opportunity to elect the option. It is argued that defendant's use of certified mail failed to comply with applicable regulations regarding transmittal of materials and thereby resulted in the deceased's failure to receive them. A review of the subject regulations and the undisputed facts of record compel a contrary conclusion.

The general disclosure requirements set forth at 29 C.F.R. § 2520.104(b)–1 provide guidelines for proper distribution of materials. The regulations direct plan administrators to "use measures reasonably calculated to ensure actual receipt of the material by plan participants." 29 C.F.R. § 2520.-104(b)–1(b)(1). Although this section continues on to provide specific examples of proper means of distribution, including use of the mails, it does not purport to be exclusive. Also Treasury Regulation § 1.401(a)–11(c)(3)(C)(ii) approves "mailing" for distribution of materials regarding the pre-retirement joint and survivor annuity but does not disapprove use of certified mail.

■ Although use of certified mail is not specifically approved in the applicable regulations, it is certainly a reliable method of transmitting materials, one with the added advantage over first-class mail of a record of receipt. Rather than employing an inadequate or improper method, defendant has done more than required. Certified mail is a "means reasonably calculated to ensure actual receipt," and therefore satisfies the applicable regulations.

■ The return receipts contain the signature of a Donna Bomhold, a neighbor who used the Staats pool when they were away. In her affidavit, plaintiff avers that Bomhold was not authorized to receive their mail, and Mr. Staats never received it. It is further averred that Mr. Staats would have received materials mailed to his Post Office Box. These facts are irrelevant to a determination of the reasonableness of the means employed for transmittal. The defendant cannot be charged with knowledge of the Staats' vacation plans or the agency relationships of neighbors.

Also unpersuasive is plaintiff's argument that defendant should have made renewed efforts to send the materials when the receipt was returned with the signature of a person other than Mr. Staats. The return receipt simply indicates receipt of the mailed materials at the residence of the addressee. Delivery to the participant's residence would reasonably ensure receipt by the participant. Defendant is under no obligation to investigate the signature on the receipt or to determine that person's relationship to the participant's household. Defendant discharged its obligation by delivery to the participant's residence. It cannot be held accountable for the transgres-

sions or unreliability of the person at the door.

We conclude therefore that defendant has satisfied all requirements for transmittal of the subject materials. The failure of Mr. Staats to receive the materials is no fault of the defendant or of its chosen means of delivery. In short, defendant's use of certified mail did not deprive the deceased of the opportunity to elect the option. Because the participant must elect the pre-retirement joint and survivor annuity, Mr. Staats' failure to make such an election deprives plaintiff of any right to survivor benefits.

For the reasons stated above, we conclude that plaintiff is not entitled to receive benefits under defendant's pension plan. No material issues of fact exist and summary judgment in favor of the defendant is appropriate.

■ Defendant has also moved for attorney's fees under 29 U.S.C. § 1132(g). An award of fees under the Act is within the discretion of the court. Although defendant has prevailed, there is no persuasive evidence of bad faith on the part of the plaintiff. The motion for award of attorney's fees will be denied.

An appropriate order will enter.