**Daphne SIMEON, Plaintiff,**

v.

**THE MOUNT SINAI MEDICAL CENTER, Mount Sinai Tax Sheltered Annuity Plan a/k/a Mount Sinai NYU Health 403(B) Plan, the Mount Sinai Hospital and Mount Sinai School of Medicine, Defendants.**

**No. 00 CIV. 5703(JGK).**

United States District Court,
S.D. New York.

July 9, 2001.

---

## OPINION AND ORDER

KOELTL, District Judge.

Plaintiff Daphne Simeon ("Simeon") brings this action pursuant to section 502(a)(3), 29 U.S.C. § 1132(a)(3), of the Employee Retirement Income Security

Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), against defendants The Mount Sinai Medical Center ("Mount Sinai"), the Mount Sinai Tax Sheltered Annuity Plan a/k/a Mount Sinai NYU Health 403(b) Plan (the "Plan"), the Mount Sinai Hospital, and Mount Sinai School of Medicine. The Plan is an ERISA regulated tax sheltered annuity plan that allows Mount Sinai employees to make tax deferred contributions to an account to save for their retirement. If an employee enrolls in the Plan, Mount Sinai also makes an annual contribution equal to ten percent (10%) of the employee's salary to the employee's Plan account. Simeon alleges that the defendants breached their duties under ERISA by failing to give her adequate notice of the existence of the Plan. As a result, Simeon failed to enroll in the Plan for approximately five years and was unable to take advantage of the Plan benefits for that period of time. The defendants have moved pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. For the following reasons, the defendants' motion to dismiss is denied.

## I.

### A.

On a motion to dismiss, the allegations in the complaint are accepted as true. *See Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir.1998). In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor. *See Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995); *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Therefore, the defendants'

present motion should only be granted if it appears that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Grandon,* 147 F.3d at 188; *see also Goldman,* 754 F.2d at 1065.

■ In deciding the motion, the court may consider documents referenced in the complaint and documents that are in the plaintiff's possession or that the plaintiff knew of and relied on in bringing suit. *See Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (2d Cir.1991); *I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co., Inc.,* 936 F.2d 759, 762 (2d Cir.1991); *Skeete v. IVF America, Inc.,* 972 F.Supp. 206, 208 (S.D.N.Y.1997).

### B.

The plaintiff's complaint is based on the following allegations. Mount Sinai Medical Center is a New York Not–for–Profit Corporation that operates Mount Sinai Hospital and Mount Sinai Medical School with its principal place of business in New York, New York. (Compl. ¶ 4.) Simeon is a medical doctor and psychiatrist residing in New York County and has been employed as Director of Medical Student Education and Assistant Professor in the Department of Psychiatry of Mount Sinai Medical School since about July 1994. (Compl. ¶ 2.)

The Plan is a tax sheltered annuity plan sponsored by Mount Sinai for the purpose of providing retirement income to Mount Sinai employees based upon their annual tax deferred contributions to the Plan. (Compl. ¶ 3.) The Plan is a defined contribution or individual account plan under ERISA as defined in 29 U.S.C. § 1002(34). (Compl. ¶ 3.) An enrolled employee may

make annual contributions to a Plan account and Mount Sinai makes additional annual contributions to the enrollee's account equal to ten percent (10%) of the enrollee's salary. (Compl. ¶ 10.) Effective July 1, 2000, the Plan was renamed Mount Sinai NYU Health 403(b) Plan. (Compl. ¶ 3.) Defendants Mount Sinai Hospital and Mount Sinai School of Medicine are "plan sponsors" and plan "administrators" of the Plan as defined in 29 U.S.C. § 1002(16), and "named fiduciaries" for the Plan's participants and beneficiaries as defined in 29 U.S.C. § 1102(a)(1). (Compl. ¶ 5.)

Simeon began her employment at Mount Sinai at an annual salary of $90,000. (Compl. ¶ 8.) After salary increases, her salary rose to $97,000. (Compl. ¶ 9.) In May 1998, her salary was reduced by twenty percent (20%) in connection with her decision to reduce her hours by twenty percent. (Compl. ¶ 9.) As an employee of Mount Sinai, Simeon has been eligible to participate in the Plan and to have Mount Sinai make annual contributions to her account in an amount equal to ten percent (10%) of her salary. (Compl. ¶ 10.) Simeon has also been eligible to make additional annual contributions to her Plan account from her own funds. (Compl. ¶ 10.) Simeon alleges that she did not enroll in the Plan after beginning her employment because she was not notified of the Plan and was not aware that the Plan existed. (Compl. ¶ 11.)

In or about the Spring of 1998, Simeon phoned the Mount Sinai Benefits Office after a co-worker informed Simeon about the Plan. (Compl. ¶ 12.) A Mount Sinai representative at the benefits office allegedly informed her that no such plan existed. (Compl. ¶ 12.) On or about March 29, 1999, after another co-worker informed Simeon about the Plan, Simeon met with a Mount Sinai representative and was advised that she was eligible for the Plan.

(Compl. ¶ 13.) At that meeting, Simeon was advised that Mount Sinai had informed her about the Plan in a letter mailed to her home on or about August 15, 1994 and that no contributions had been made to her Plan account because she had not returned a signed copy of the enrollment forms included in the mailing. (Compl. ¶ 15.) Simeon claims that she did not receive this letter and that the letter was the only attempt by Mount Sinai to inform her that she was eligible for the Plan. (Compl. ¶¶ 16–17.)

Simeon then completed enrollment forms for the Plan. (Compl. ¶ 13.) Simeon has received annual contributions to the Plan for her account in the amount of 10% of her salary since about April 1, 1999. (Compl. ¶ 14.)

By letter dated July 22, 1999, Simeon submitted a written appeal to Mount Sinai's Benefits Office. (Compl. ¶ 19.) In that letter, her counsel argued that the denial of benefits was "an unlawful denial of a benefit and a breach of fiduciary duty" in violation of ERISA. (Ex. F to Declaration by Paula Mednick dated Sept. 28, 2000 ("Mednick Decl.")) By letter postmarked October 27, 1999, Diane Tucker, the Director of Human Resources, informed Simeon that she was not entitled to retroactive contributions because she had not submitted an enrollment form by September 23, 1994 as was required by the August 1994 letter. (Compl. ¶ 20.) By letter delivered December 17, 1999, Simeon appealed the denial of her claim to Mount Sinai's Vice President of Human Resources and Labor Relations. (Compl. ¶ 21.) Mount Sinai has not replied to Simeon's appeal. (Compl. ¶ 22.)

The plaintiff brings a cause of action pursuant to 29 U.S.C. § 1132(a)(3) against the defendants for violating provisions of ERISA. The plaintiff alleges that the defendants breached their fiduciary duty to

her by failing to advise her of her right to enroll in the Plan and by failing to facilitate her enrollment in the Plan. The plaintiff seeks equitable relief, specifically a contribution to the Plan of an amount equal to the economic loss she incurred as a result of the defendants' conduct. The plaintiff estimates that this loss is in excess of $60,000. Alternatively, the plaintiff seeks direct compensation in excess of $200,000 for the economic loss she incurred. The plaintiff also seeks to recover the reasonable costs and attorneys fees incurred in this action pursuant to 29 U.S.C. § 1132(g)(1).

## II.

### A.

The defendants first move to dismiss the complaint on the grounds that they satisfied their duties under ERISA by sending Simeon a certified letter dated August 14, 1994 informing her that she would have to enroll in the Plan to be eligible for Plan benefits. (Ex. C to Mednick Decl.) The plaintiff's complaint alleges that the defendants violated their duties under ERISA by failing to give her adequate notice of the existence of the Plan. An administrator of an ERISA benefit plan has a duty to provide participants with certain information about the plan. 29 U.S.C. § 1021(a). Specifically, "[t]he administrator shall furnish to each participant . . . a copy of the summary plan description . . . within 90 days after he becomes a participant. . . ." 29 U.S.C. § 1024(b)(1). A summary plan description must include information such as the name and type of plan, the plan's requirements with respect to eligibility for participation and benefits, and circumstances that may result in disqualification, ineligibility, or denial or loss of benefits. 29 U.S.C. § 1022.

Simeon qualified as an ERISA "participant," which ERISA defines as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization. . . ." 29 U.S.C. § 1002(7), in July 1994 when she became an employee of Mount Sinai and was eligible to join the Plan. Thus, she was entitled to a summary plan description within 90 days of the date in July 1994 that she became a participant.

When ERISA requires a plan administrator to furnish certain materials to a participant or beneficiary:

> the plan administrator shall use measures reasonably calculated to ensure actual receipt of the material by plan participants and beneficiaries. Material which is required to be furnished to all participants covered under the plan . . . must be sent by a method or methods of delivery likely to result in full distribution. . . . Material distributed through the mail may be sent by first, second, or third-class mail. . . . Any material sent by second or third-class mail which is returned with an address correction shall be sent again by first-class mail or personally delivered to the participant at his or her worksite.

29 C.F.R. § 2520.104b–1(b)(1). The defendants argue that they satisfied any notice requirement by informing Simeon of the eligibility requirements of the Plan through certified mail. A number of courts have held that notice through first class mail is sufficient to inform a terminated employee of his right to continued health coverage. *See, e.g., Keegan v. Bloomingdale's, Inc.,* 992 F.Supp. 974, 977–80 (N.D.Ill.1998); *Jachim v. KUTV, Inc.,* 783 F.Supp. 1328, 1333–34 (D.Utah 1992); *Truesdale v. Pacific Holding Co./ Hay Adams Division,* 778 F.Supp. 77, 81–82 (D.D.C.1991). Another court has held

that certified mail is sufficient to inform a participant of a pre-retirement joint and survivor annuity option. *Staats v. Ohio River Co.*, 570 F.Supp. 22, 24 (W.D.Pa. 1983), *aff'd*, 735 F.2d 1351 (3rd Cir.1984).

■ However, the documents the defendants cite to establish that they sent Simeon notice through certified mail cannot be considered on this motion to dismiss because they were not included in the complaint and were not in the possession of or relied upon by the plaintiff in bringing the complaint. *See, e.g., Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir.1996). The plaintiff alleges in the complaint that she never received any letter about the Plan, and she certainly did not rely upon such a letter as a basis for bringing her complaint.

■ In any event, the documents that were submitted in support of the defendants' motion to dismiss do not establish that the defendants satisfied their duties under ERISA. ERISA not only requires that notice be reasonably calculated to reach the participant but also requires that the participant receive a copy of the summary plan description. The failure to provide participants with a Plan description in violation of a statutory obligation can support a breach of fiduciary duty claim. *See Lee v. Burkhart*, 991 F.2d 1004, 1011 (2d Cir.1993). The certified letter dated August 15, 1994, contains some description of the Plan including Mount Sinai's 10% contribution and informs the participant to attend a 45 minute enrollment session in order to receive a detailed description of the Plan; enrollment was required by September 23, 1994. (Ex. C to Mednick Decl.)[1] It is only at the enrollment session that details of the Plan, including information about the participant's rights, investment options, and tax benefits are explained. (*Id.*) The certified letter of August 15, 1994 is therefore not a summary plan description. *See, e.g., Gridley v. Cleveland Pneumatic Co.*, 924 F.2d 1310, 1316–18 (3d Cir.1991)(holding that overview brochure was not a summary plan description). The contents of the mailing are important because the full summary plan description would contain greater information about the benefits of enrollment in the Plan than a brief letter stating that the employee has an option of affirmatively enrolling in the Plan. The letter does note that it included enclosures but there is no way on this motion of determining what those enclosures were or what information they provided. The papers submitted by the defendants do not establish that they met their statutory obligations to send the plaintiff a summary plan description.

■ The defendants claimed at oral argument that they cannot be liable under 29 U.S.C. § 1132(a)(3) even if they failed to send the plaintiff a copy of the summary plan description because 29 U.S.C. § 1132(c)(1) provides a specific penalty for failing to provide a summary plan description upon request, which would preclude granting further equitable relief because any further relief would not be "appropriate equitable relief." *See Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) This argument is without merit. The claim is not that the defendants failed to respond to a request for a summary plan description. The defendants are obligated to provide the sum-

---

1. The defendants submitted a copy of portions of the Plan's summary plan description in effect in 1994 and January 1999 with their reply. (Exs. A, B to Reply Decl. of Lucia Leon dated Nov. 14, 2000.) However, they do not allege that a copy of a summary plan description was attached to the certified letter dated August 15, 1994 or was sent to the plaintiff within 90 days after she became a participant.

mary plan description within 90 days even without a request under 29 U.S.C. § 1024(b)(1). There is no specific provision providing specific relief for a violation of this duty. Therefore, there is nothing that precludes equitable relief for a violation of 29 U.S.C. § 1024(b)(1).

■ The defendants also argued that the failure to provide a summary plan description is only a "technical violation" under *Andersen v. Chrysler Corp.*, 99 F.3d 846, 859 (7th Cir.1996). The defendants overstate the holding of *Andersen*. In that case, the Court of Appeals for the Seventh Circuit held that erroneous information in the summary plan description was only a technical violation of ERISA that did not support a cause of action. In this case, the claim is that no summary plan description was furnished and it is simply not possible on this motion to dismiss to determine what information was provided. The defendants' interpretation contradicts language by the Court of Appeals for the Second Circuit that the failure to provide a plan description can breach statutory and fiduciary duties. *See Lee v. Burkhart*, 991 F.2d at 1011. The failure to provide a summary plan description is not merely a technical violation.

Moreover, it cannot be decided on this motion whether the defendants satisfied their fiduciary duties by allegedly sending one certified letter to a participant and obtaining no response in light of the fact that the Plan requires the participants affirmatively to opt into the Plan and when it appears that the employer was prepared to make a substantial contribution to the Plan.

Therefore, the defendants have not established that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. The defendants' motion to dismiss is therefore denied.

### B.

■ Furthermore, the plaintiff also claims that when she asked about the Plan, a representative of Mount Sinai told her that no such Plan existed. The plaintiff alleges in the complaint that the defendants are fiduciaries of the Plan and the defendants have not denied that they are ERISA fiduciaries. ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries...." 29 U.S.C. § 1104(a)(1). Generally, a "fiduciary may not materially mislead those to whom the duties of loyalty and prudence ... are owed." *Eddy v. Colonial Life Ins. Co. of America*, 919 F.2d 747, 750 (D.C.Cir.1990)(internal quotation and citation omitted); *see also Harte v. Bethlehem Steel Corp.*, 214 F.3d 446, 451 (3d Cir. 2000)("ERISA was enacted, in part, to ensure that employees receive sufficient information about their rights under employee benefit plans to make well-informed employment and retirement decisions.") It cannot be determined on this motion to dismiss that the defendants did not breach their fiduciary duties by misleading the plaintiff.

### C.

■ The defendants also argue that they had the discretion to deny Simeon additional contributions because she was not enrolled in the Plan and that such a decision can only be reversed if it was "arbitrary and capricious." *See, e.g., Jiras v. Pension Plan of Make-Up Artist & Hairstylists Local 798*, 170 F.3d 162, 166 (2d Cir.1999); *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir.1995). However, the central issue raised by the complaint is not whether the defendants properly exercised their discretion in denying the plaintiff's request for retroactive contributions but whether the plaintiff is

entitled to retroactive contributions because the defendants violated their fiduciary duties by failing to provide the plaintiff with required information and misleading her such that she failed to enroll in the Plan and obtain its benefits. The plaintiff cannot argue that she is entitled to benefits under the Plan because she is not enrolled in the Plan and instead argues that the defendants breached their fiduciary duties to her, which would entitle her to equitable relief. *See Varity Corp.*, 516 U.S. at 507–15, 116 S.Ct. 1065; *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 142–50 (2d Cir.1999). If the defendants failed to meet their obligations under ERISA, then the plaintiff has the right to obtain appropriate equitable relief from this Court to redress the violation. 29 U.S.C. § 1132(a)(3). Moreover, the plaintiff's allegation that a fiduciary failed to disclose information properly can support a breach of fiduciary duty claim. *See, e.g., Hamilton v. Allen–Bradley Co., Inc.*, 244 F.3d 819, 827 (11th Cir.2001).

The fact that the defendants' discretionary decisions are entitled to deference is not a reason to dismiss the complaint in this case.

### CONCLUSION

The defendants' motion to dismiss is denied.

**SO ORDERED.**